In the matter of the Mechanics' Bank.

the owner of the equity of redemption might, by protracting the litigation till the expiration of the term, render the security utterly valueless.

The motion must therefore be granted in this case, as in that; and an order must be entered directing that it be referred to a referee to appoint a receiver, to whom the tenant in possession must attorn, and that the referee set an occupation rent, to be paid by the defendant, Kane, quarterly, from the service of the order.

SAME TERM.    *Before the same Justice,*

In the matter of the petition of the MECHANICS' BANK.

Where a trustee in a mortgage given by a rail-road company to secure the payment of certain of its bonds, as they should become due and payable, suffered a portion thereof to remain unpaid after maturity, and neglected and refused to take possession of the mortgaged property, and to execute the trust by enforcing the mortgage, on the request of the bond-holders ; without any sufficient excuse for such neglect and refusal; *Held* that it was a proper case for the removal of the trustee ; and he was removed, accordingly.

A trustee under a mortgage given to secure the payment of debts of the mortgagors has no right to compel the *cestuis que trust* to wait his pleasure in foreclosing the mortgage ; or to coerce them to afford facilities to the debtor, to raise the means to pay the debts.   And his attempting to do so is a clear violation of the trust.

IN EQUITY.   This was a petition, by the Mechanics' Bank, praying for the removal of E. K. Collins from his office of trustee.   The Harlem Rail-Road Company being indebted on several bonds, amounting in the aggregate to $82,500, executed to E. K. Collins, one of the directors of the company, and a holder of such bonds to the amount of $35,000, a chattel mortgage on ten locomotives, 26 eight-wheeled cars, 14 four-wheeled passenger cars and 33 freight cars, 170 horses and harness, and an unfinished car, conditioned for the payment of said bonds at the times therein mentioned for such payment,   One of the

bonds for the amount of $15,000 was transferred to the Mechanics' Bank by C. Parshall, as collateral security for the payment of a loan for that amount by the bank to Parshall, and two of them, amounting to $7500, had been transferred to H. Bruen. The loan to Parshall having become due, the bank demanded of the rail-road company payment of the bond for $15,000, which was refused, and thereupon the bank demanded of Collins, the trustee, that he should proceed to foreclose the mortgage. He repeatedly promised that he would do so, but finally refused, on the ground that certain negotiations were going on which would enable the rail-road company to pay those bonds. Thereupon the bank, on notice, presented this petition, to remove the trustee. The application was opposed by him, on the same grounds on which he had placed his refusal, and because the owners of a majority in amount of the bonds did not wish to have the mortgage enforced.

*Mr. Hilton*, for the petitioners.

*M. S. Bidwell*, for Bruen.

*C. W. Sandford*, for the Co., and for Collins, and Parshall.

EDMONDS, J.  The statute, (1 *R. S.* 730, § 70,) authorizes this court, upon the bill or petition of any person interested in a trust, to remove any trustee who shall have violated or threatened to violate his trust; or who for any other cause shall be deemed an unsuitable person to execute the trust.  Two objections are made to Mr. Collins' continuing a trustee: one, that he refuses to discharge his duty; the other that he is a director in the company whose property is mortgaged.  The latter might not, of itself, be a sufficient cause for his removal; for though a director, he might faithfully execute his trust.  But his situation as a director, taken in connexion with his refusal to execute the trust, especially when the reasons he gives for the refusal point only to the interest of the company, together constitute an abundant reason for his removal.

In the matter of the Mechanics' Bank.

The allegation of the petition is that " he neglects and re-fuses to take any steps or proceedings to foreclose the mortgage, or otherwise perform his duty as such trustee." This is not denied by Mr. Collins in his affidavit; but he says he believes the course he is pursuing is, under all the circumstances, best adapted to realize the amount due to all the parties interested. He does not any farther disclose what that course is, except that he is attempting, for the company, as one of its officers, to negotiate a loan for them, and he believes it is for the interest of the creditors to afford some facilities to the company to raise the means to pay their debts. This may very well be so; and so far as his own debt is concerned he is of course at liberty to afford whatever facilities he pleases. But as regards the other creditors, for whom he is the trustee, he has no right, either by the terms of the mortgage or by the law of the land, to compel them to wait his pleasure in collecting their debt, or to compel them to afford such facilities. His attempting to do so is a clear violation of the trust. He refuses to foreclose the mort-gage, and gives as his excuse, an intention to force the other creditors, against their will, to afford their debtor facilities, &c. If these together do not constitute a good ground for removing him, I am at a loss to discover what would be. If they do not now justify the interference of this court, would they justify it at any future period—say three or four years hence when the denial of this application will have enabled him to coerce the creditors into affording the company the facility of that delay in the collection of their debt ?

This seems to me to be a very clear case, and one in which no valid excuse is given for the refusal of the trustee to execute his trust. It has been the uniform practice of courts of equity to interfere in such cases and remove the trustee. Judge Story says, (2 *Story's Eq. Jur.* § 1287,) " Indeed the appointment of new trustees is an ordinary remedy enforced by courts of equity in all cases where there is a failure of suitable trustees to per-form the trust, either from accident or from the refusal of the old trustees to act, or from their original or supervenient incapacity to act, or from any other cause." Again he says,

(*Id.* § 1061,) " If the trustees should decline or refuse to act, the court would appoint other trustees." (*Depeyster* v. *Clendining*, 8 *Paige*, 310. *Lewin on Trusts*, 598.) And Chancellor Kent (4 *Com.* 311) says these powers conferred by the statute are essentially declaratory of the jurisdiction which equity already possessed and exercised; and that the court may also accept the resignation of a trustee and discharge him ; or remove him for just cause and supply the vacancy, or any want of trustees, at its discretion.

The power to grant the prayer of this petition is then in the court; and it is our duty to exercise it, in a proper case. If it had been suggested for the trustee in this case that he had acted under any mistaken notion of his duties and obligations, and that he was willing, under the direction of the court, to proceed in the execution of the trust, I might have deemed it advisable, under the circumstances, to content myself with giving him directions to proceed. But no such suggestion is made in his behalf. On the contrary, the whole opposition to the application is placed upon a claim of right, on his part, to delay the execution of the trust as long as he shall deem it for the interest of the parties concerned. And if he is permitted to continue in the trust, I have no assurance that he will not extend that delay, on the same pretence, for years yet to come. He must therefore be removed ; but I do not see any necessity for appointing a new trustee. The mortgage is past due, and all that remains is to sell the property and divide the proceeds among the creditors. This can as well be done by the sheriff as any one, and I shall direct him to do it, under the 71st section of the act which gives this court the power to cause the trust to be executed by one of its officers.

Order accordingly. ·