HERMAN D. ROGERS & another *vs.* GEORGE W. JACKMAN & another.

This court will not remove an assignee of the estate of an insolvent debtor for proceedings not conformed to the requirements of the insolvent laws, without proof of fraud or of injury to the estate, and especially after the cause of complaint has ceased to exist.

PETITION for the removal of the assignees of the estate of Townsend & Currier, insolvent debtors, alleging that at an

adjourned third meeting of the creditors of said insolvents the petitioners filed their petition to the commissioner, praying him to remove the respondents from their trust as assignees, upon the following grounds, (which the petitioners alleged to be true,) 1st. That they had refused to allow the petitioners to have resort at reasonable times to the account of money received by them as assignees: 2d. That they had not deposited the money received by them as assignees, nor kept it distinct and apart from all other money in their possession: 3d. That they had divided the money received by them as assignees, and each of them was using the money so received in his private business: 4th. That they had purchased a large amount of the claims against the estate, and were endeavoring to purchase additional claims, for the purpose of obtaining an undue influence in the settlement of the estate, to the injury of the other creditors, and for their own private advantage: 5th. That they had purchased said claims with the money of the estate, received by them as assignees. The petition to this court further alleged that the commissioner of insolvency dismissed the petition because that there was no proof of fraudulent intent, and therefore he had no power of removal; and the petitioners now relied upon the same grounds as before the commissioner.

Answer, that the petitioners before their petition to the commissioner had assigned all their claims against the estate to persons not parties to this proceeding, and had therefore no right to maintain this petition; and also, 1st. That the request of the petitioners to see the accounts was made after they had commenced proceedings to enforce a lien on ships claimed by the respondents as a large part of the estate, and thus to secure a preference over other creditors, and the respondents, considering the position of the petitioners towards the estate, refused to exhibit the accounts to them before the third meeting, which was to be held in a few days, and at which the respondents were ready to present their accounts before the petition for their removal was presented, and that they had not otherwise refused to allow the petitioners to resort to their accounts: 2d. That whether the money received by the respondents belonged to the

estate or not could only be determined by the result of several suits now pending, brought by the petitioners and others, in which the respondents had entered into personal obligations for the protection of the property in controversy: 3d. That the respondents, in order to obtain interest for the estate on the money in their hands, did use or lend the same, which up to that time had been deposited in bank in their names as assignees, and that as soon as was practicable after learning that this course was objected to by the petitioners, they again deposited it in bank in their names as assignees, and had not otherwise failed to deposit it, nor used it: 4th. That they had never as assignees purchased any claims against the estate, for the purpose of obtaining an undue influence in the settlement of the estate, or to the injury of other creditors, or for their own private advantage, nor purchased any such claims whatever, nor did they or either of them purchase any such claim with the money received by them as assignees: 5th. That the respondent Jackman had indeed from time to time purchased claims already proved against the estate, which the holders thereof had offered to sell to him, but to an amount which, added to all the claims of himself and his coassignee, fell far short of a majority of the claims proved: 6th. That no creditor desired their removal, there was no cause for their removal, and they could not be removed except for fraud.

The case was argued upon the petition and answer.

*O. P. Lord & W. C. Endicott,* for the petitioners, cited *St.* 1838, *c.* 163, §§ 11, 18; *Shelton* v. *Walker,* 10 Law Reporter, 125; *Ex parte Townshend,* 15 Ves. 470.

*B. R. Curtis & C. T. Russell,* for the respondents, cited *Sts.* 1838, *c.* 163, § 11; 1848, *c.* 304, §§ 1, 2; 1851, *c.* 349, § 2; 1853, *c.* 116; Hill on Trustees, (3d ed.) 191, 537; *Attorney General* v. *Coopers' Co.* 19 Ves. 192; *Attorney General* v. *Caius College,* 2 Keen, 150; *Coles* v. *Trecothick,* 9 Ves. 244; *Webb* v. *Dietrich,* 7 W. & S. 401.

METCALF, J. We need not decide whether these petitioners are proper parties to ask us to remove the respondents from their trust as assignees of the estate of Townsend & Currier insolvent debtors; because we are of opinion that we ought not

to remove them for the causes now shown, whoever might have been petitioners.

It is not shown that the creditors of Townsend & Currier have suffered, or are in danger of suffering, any loss by reason of any of the acts of the respondents, as assignees. Although some of those acts were not conformed to the requisitions of our insolvent law, yet they are not shown to have been done with any fraudulent or wrong intent.

In the absence of any wrong intent of the assignees, or of any loss or danger of loss by the creditors, we do not sustain this petition. 2 Story on Eq. § 1289. It is said in Lewin on Trusts, 599, that " the court will not dismiss a trustee for the mere caprice of the *cestui que trust*, without any reasonable cause shown, nor even if the trustee have transgressed the strict line of his duty ; provided there was no wilful default, but merely a misunderstanding."

The main cause of the petitioners' complaint exists no longer, as the respondents, under the order of the commissioner of insolvency, have deposited in a bank the money which they ought to have so deposited at an earlier day. That being done, we decline to remove the respondents for a fault which they corrected before it caused any harm. See *Attorney General* v. *Caius College*, 2 Keen, 167, 168; *Matter of Mechanics' Bank*, 2 Barb. 449 *Petition dismissed.*