from it, when he saw engine 76. He instantly rang for brakes, but could not stop in time.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

C. A. Kellogg, for appellant.

Louis Hasbrouck, for respondent.

LANDON, J. The plaintiff insists that he had the right to go to the jury upon the question whether defendant was negligent in sending out engine 76 improperly equipped as to its headlight. The defect was that the wick was too short. A supply of new wicks was kept by the defendant at Malone, from which station engine 76 was dispatched westward to Ogdensburg, stopping at Norwood. A new wick to replace an old one is a supply, and not a repair, and, by the defendant's rules, the engineer should have seen that the supplies which defendant had provided and placed within his command were ample for the trip. To provide these supplies for use was the master's duty; to take them as they were needed for use was servant's duty. Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952; Harley v. Manufacturing Co., 142 N. Y. 31, 36 N. E. 813; Kaare v. Iron Co., 139 N. Y. 369, 34 N. E. 901; McDonald v. Railroad Co., 63 Hun, 587, 18 N. Y. Supp. 609. This request was properly refused.

The plaintiff also insists that he had the right to go to the jury upon the question whether the defendant was not negligent in failing to promulgate sufficient rules for the meeting of wild trains at night. The difficulty does not appear to be with the rules, but in the failure of the defendant's servants to obey them upon this occasion. Engine 76 should have taken the side track after receiving notice that it was to pass 89 at Norwood. The engineer or conductor was too slow about it. Engine 89 ought to have been under the control specified by the rules, from the first switch eastward. If the engineer had had it under such control, he could have stopped it in 70 feet. It may well be that he relaxed his observance of the rule because he did not see the light in the head lamp of 76, or mistook it, when he first saw it, for a station light, or some other; but such relaxation was none the less a violation of the rule.

Plaintiff's counsel contends that defendant might have made further rules, and he suggests one, namely, that all engines and trains should be kept off the main line while detained at stations awaiting orders. So long as the rules which are promulgated will, if observed, secure safety, it is wiser to leave the making of new rules to the company.

The judgment is affirmed, with costs. All concur.

---

(6 App. Div. 76.)

TOMKINS v. CLUNE.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—REMOVAL OF ASSIGNEE.
    An assignee will be removed for neglect of duty where it appears that he failed to collect the only asset of the estate for a long time after the

money was awaiting his demand, and proofs had been filed showing his authority to receive it, and that he only acted after most persistent urging by creditors.

2. SAME—ACCOUNTING—NECESSITY OF NEW ASSIGNEE.

Where there is nothing to be done on the removal of an assignee for neglect of duty except to take and state his accounts, and distribute the fund, a new assignee will not be appointed, but the accounting and distribution will be done under direction of the court.

Appeal from special term, Westchester county.

Action by Calvin Tomkins against Matthew Clune, to remove defendant from his position as assignee for benefit of creditors of John Sheenan, and to require him to account for and pay over to his successor, or to the creditors of the assignor, all moneys and property which have, or which by proper effort and diligence on his part might have, come into his hands. Judgment was entered in favor of plaintiff, and defendant appeals. Modified.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

William L. Snyder, for appellant.
Eugene Frayer, for respondent.

PER CURIAM. The evidence in this case tended to establish that the defendant, without excuse, neglected to discharge the duties of his trust, in failing to collect the only assets of the estate for a long time after the money was awaiting his demand and the filing of proper proofs showing his authority to receive it; and it was only after the most persistent urging by plaintiff that defendant took any action, although, months before, he was notified by the debtor of the estate that the money awaited his call. This evidence was sufficient to warrant defendant's removal as assignee, and to sustain the decision which was made. It was not necessary nor did the court convict the defendant of mala fides in connection with his trust; but the court found that defendant unwarrantably delayed and neglected to perform the duties of his trust, and this was sufficient upon which to found a judgment removing him as trustee. In re Mechanics' Bank, 2 Barb. 446. It appears, however, that all the available assets of the estate have been collected, and all that remains to be done is to take and state the account of the assignee, and distribute the fund to those entitled. This may as well be done under the direction of the court as to burden the estate with the expense of a new assignee.

The judgment will therefore be modified by providing that, upon the coming in of the report of the referee, the moneys of the estate with which the assignee shall be found chargeable shall be paid into court, and distributed to those entitled, under its direction.