GEORGE D. CRAGIN, Appellant, *v.* WILLIAM S. LOVELL, as Executor, etc., Respondent.

It is not essential that a separate count in an answer setting forth a counterclaim should contain in itself all the allegations requisite to a perfect counter-claim; it may refer to other parts of the answer, or to the complaint, and the matters thus referred to are to be considered a part of the count as if written at length therein.

Plaintiff's complaint set forth an agreement for the sale, to him, by defendant and her testatrix, "of a certain plantation known as Live Oaks, * * * situated in the * * * State of Louisiana," and asked to recover damages for an alleged breach of said agreement. The answer contained several counts or divisions. In the second the plantation is referred to as "Live Oaks mentioned in the complaint;" in the third the defendant denied that the "court had jurisdiction of the subject-matter of this action, as to the claim for damages for improvements ·* * *· to real estate, situate in the State of Louisiana." In the fourth, it was alleged that "while the plaintiff was in possession of the said 'Live Oaks' he unnecessarily injured and wasted the said plantation," and defendant asked to counter-claim the damages. Plaintiff demurred to the counter-claim, on the ground "that it appears that the court has no jurisdiction of the subject thereof." The demurrer was overruled upon the ground that the want of jurisdiction did not appear "upon the face of the counter-claim," as required by the Code of Civil Procedure (§ 498) in order to sustain such a demurrer. *Held* error; that it did appear upon the face of the answer that the real estate was situate in another State; and that the court had no jurisdiction of a claim for damages by waste committed on land situated outside of this State.

The general rule of law, that actions for injuries to real estate must be brought in the forum "*rei sitæ*," was not changed by the provision of

the Code of Civil Procedure (§ 982), in reference to the place of trial of actions relating to real property.

A counter-claim must be a complete cause of action, existing in favor of the defendant where he asserts it; he cannot avail himself of it if such cause of action is one of which the court wherein the action is pending has no jurisdiction.

*Cragin* v. *Quitman* (22 Hun, 101) reversed.

(Argued February 10, 1882; decided February 28, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 11, 1880, which affirmed a judgment entered upon an order overruling so much of defendant's answer as set forth a counter-claim. (Reported below, *sub nom. Cragin* v. *Quitman*, 22 Hun, 101.)

The nature of the action and the material facts are stated in the opinion.

*Edward B. Cowles* for appellant. The court on demurrer will consider the whole record. (Graham's Practice [2d ed.], 755; Van Santvoord's Pleadings [2d ed.], 652; Bliss on Code Pleading, § 417; Chitty on Pleading [16th Am. ed.], 701; Stephen on Pleading [9th Am. ed.], 144.) In judging of the sufficiency of the defense which is set up in that part of the answer to which the demurrer relates, those parts of the answer which precede it must be read and construed in connection. (*Beach* v. *Berdell*, 2 Duer, 327.) The appeal brings up the judgment-roll, and as it appears upon the face of the record that the court has not jurisdiction of the subject of the counter-claim, the judgment must be reversed. (*Brookman* v. *Hamill*, 43 N. Y. 554, 564.) The courts of this State have not jurisdiction of a cause of action for waste committed upon lands in Louisiana. (*Am. U. Tel. Co.* v. *Middleton*, 80 N. Y. 408; *De Courcy* v. *Stewart*, 20 Hun, 561; *Watts* v. *Kinney*, 23 Wend. 485; Aff'g 6 Hill, 82; *Mott* v. *Coddington*, 1 Abb. Pr. [N. S.] 290; Story on Conflict of Laws, § 554; *Livingston* v. *Jefferson*, 1 Brock. 203, 207; *Northern R. R. Co.* v. *Mich. Cent. R. R. Co.*, 15 How. 242; *Clark* v. *Scud-*

*der*, 6 Gray, 122; *Eachus* v. *Ill. & Mich. R. R.*, 17 Ill. 434; *Champion* v. *Doughty*, 3 Harris [N. J.], 3; *Ham* v. *Rogers*, 6 Blackf. [Ind.] 559; *Chapman* v. *Morgan*, 2 Greene [Iowa], 374; 2 Smith's Lead. Cas. [H. & W. notes], part 1, p. 1062.) Waste, injury to property, trespass and the like do not arise out of contract nor are they connected therewith. (*Ogilvie* v. *Lightstone*, 1 Daly, 129; *Edgerton* v. *Page*, 20 N. Y. 281; *Drake* v. *Cockroft*, 1 Abb. Pr. 203; *Mayor, etc., of N. Y.* v. *Steamship Co.*, 21 How. 289.)

*J. Newton Fiero* for respondent. The demurrer was properly overruled because the court has jurisdiction of the subject of the counter-claim. (*Newton* v. *Bronson*, 13 N. Y. 587; *Gardner* v. *Ogden*, 22 id. 327; Code of Civil Procedure, § 982.) A counter-claim is only demurrable where the objection appears on the face of the pleading. (Code, § 495.) The plaintiff by his demurrer "admits the facts pleaded, and merely refers the question of their legal sufficiency to the decision of the court." (*Cutler* v. *Wright*, 22 N. Y. 478, 482, 487.) The counter-claim is connected with the subject of the action. (15 N. Y. 509; *Chamboret* v. *Cagney*, 2 Sweeney, 284; *Lehmair* v. *Griswold*, 8 J. & Sp. 100.) It is a valid counter-claim because it tends to defeat or diminish plaintiff's recovery. (*Xenia Branch of State B'k of Ohio* v. *Lee*, 2 Bosw. 694; *G. & H. Co.* v. *Hall*, 61 N. Y. 237.)

EARL, J. This action was originally commenced against Eliza A. Quitman individually and as executrix of her sister Louise S. Quitman. The original defendant died after the commencement of the action, and then the action was revived against the present defendant as her executor. The complaint in the action alleges that early in the year 1870, the defendant and her sister had sold and conveyed to one Fisk a certain plantation known as "Live Oaks," situated in the parish of Terrebonne and State of Louisiana, for the consideration of $4,500 in cash, and $18,000 in the notes of Fisk secured by a mortgage upon the plantation; that the plaintiff, at the time named, had a large judgment against Fisk, who had absconded, and that he,

as a means of satisfying the judgment in part, took possession of the plantation, the legal title thereto, however, remaining in Fisk; that the plaintiff entered into an agreement with the defendant and her sister, by which he was to be permitted to acquire the legal title to the plantation by paying up the notes secured by the mortgage and then foreclosing the mortgage; that, relying upon the agreement, he paid two of the notes and made various permanent improvements upon the plantation; that the defendant and her sister subsequently violated their agreement, and the plaintiff, in consequence thereof, sustained damage to the amount of $10,000, for which sum he demands judgment.

The defendant in her answer denies among other things the making of the agreement alleged in the complaint, and the fourth subdivision of her answer is as follows:

" For a fourth and further answer, defendant alleges upon information and belief that during the time while plaintiff was in the possession of the said " Live Oaks," claiming to be owner, and at the time the improvements on the said premises are alleged to have been made by him, and while recognizing the validity of defendant's lien and as part of the same transaction out of which the alleged cause of action arises, this plaintiff unnecessarily broke, destroyed, injured and wasted the said plantation, and the fences, buildings, outbuildings, fixtures, appurtenances and improvements to the property, and so carried on the business of the plantation and conducted the tillage and cultivation thereof, that the same was greatly damaged in the amount of at least $6,000, for which sum defendant asks judgment, and which amount she counter-claims in this action." To this counter-claim the plaintiff demurred " for the reason that it appears that the court has not jurisdiction of the subject thereof."

The demurrer was overruled in the Supreme Court, and final judgment upon the counter-claim was entered in favor of the defendant. It appears, from the opinion pronounced at the General Term, that the demurrer was overruled because it did not appear upon the face of the answer that the plantation upon

which the injury and waste complained of were done was situated outside of this State, the court holding, however, that if this fact had appeared, the demurrer would have been well taken.

Section 495 of the Code of Civil Procedure provides that "the plaintiff may demur to a counter-claim upon which the defendant demands an affirmative judgment where one or more of the following objections thereto appear on the face of the counter-claim," and the first subdivision is, "that the court has not jurisdiction of the subject thereof."

Does this objection appear upon the face of the counter-claim? We think that it does. A separate defense may contain all the requisite allegations within itself to make it a perfect counter-claim, or it may refer to papers annexed, or to other parts of the answer, or to the complaint, and the matters thus referred to are just as much a part of the counter-claim as if written at length therein. The same rule is applicable in the construction of all written instruments. Whatever is plainly referred to as part of a written instrument must always be considered in the construction thereof. Here the plantation is plainly described in the complaint as situated in Louisiana, and its situation there is not denied. The answer is drawn to meet the allegations contained in the complaint, and plainly refers to such allegations. In the second division of the answer, the plantation is referred to as the one known as " Live Oaks mentioned in the complaint." In the third division of the answer, the defendant denies that " this court has jurisdiction of the subject-matter of this action as to the claim for damages for improvements alleged to have been made by plaintiff to real estate situate in the State of Louisiana," etc., and thus it is shown that the real estate which is connected with the subject of the litigation is situated in that State. Then in the fourth subdivision of the answer containing the counter-claim, the same plantation and real estate are several times referred to.

To hold under such circumstances that the real estate referred to in the counter-claim is not situated in the State of Louisiana requires a construction altogether too rigid and narrow, and we

are of opinion that it sufficiently appears upon the face of the counter-claim that it is thus situated.

We have now only to inquire whether the defendant could properly allege as a counter-claim the damages sustained by waste committed to land situated outside of this State.

If the defendant had sued the plaintiff upon the cause of action alleged in her counter-claim, a demurrer to her complaint on the ground that the court did not have jurisdiction of the subject of the action would have been sustained. It is a general rule of law that actions for injuries to real property must be brought in the *forum rei sitae*, and this rule of law has been, so far as I can discover, uniformly sanctioned and upheld in this State. (Story on Conflict of Laws, § 554; *Watts' Admrs.* v. *Kinney*, 23 Wend. 485; *S. C.*, 6 Hill, 82; *American Union Telegraph Co.* v. *Middleton*, 80 N. Y. 408; *De Courcy* v. *Stewart*, 20 Hun, 561.) It is a mistake to suppose that this rule has been changed by section 982 of the Code. That section was not intended to define the jurisdiction of the Supreme Court, but simply to determine the place of trial of actions of which it had jurisdiction. In the last two cases above cited the actions were commenced after that section took effect, and it cannot be supposed that it was overlooked in the decisions of those cases. All parts of the section can have effect without extending the jurisdiction of the court to actions like this counter-claim which were always regarded as triable only where the cause of action arose.

But the claim is made that even if the defendant could not have sued the plaintiff upon this cause of action within this State she might yet set it up as a counter-claim. By section 501 of the Code a counter-claim is defined to be a cause of action against the plaintiff in favor of the defendant. It must then be a cause of action upon which the defendant could sue the plaintiff, and which he holds and possesses against the plaintiff at the place where the action is commenced. A defendant cannot avail himself of a counter-claim which the court before which the action is pending has no jurisdiction to try and determine. A counter-claim must be a complete cause of

action existing in favor of the defendant where he asserts it; otherwise he has no counter-claim there.

It follows from these views that the judgment should be reversed, and judgment should be given for the plaintiff upon the demurrer, with costs.

All concur, except ANDREWS, Ch. J., and RAPALLO, J., not voting.

Judgment accordingly.