GEORGE E. DODGE, RESPONDENT, *v.* JOHN L. COLBY, APPELLANT.

*Action for trespass on lands in another State is not maintainable here — action for a slander of title — malice must be alleged — joinder of causes of action.*

In the first and second causes of action set forth in the complaint in this action, it was alleged that the defendant, and other persons acting with or under him, cut timber and removed timber and turpentine from lands in Georgia belonging to the plaintiff.

*Held,* that the action being for trespasses upon lands situated in another State, could not be maintained in the courts of this State.

*Cragin* v. *Lovell* (88 N. Y., 258) followed.

That the action could not be sustained, as having been brought to recover the value of the timber and turpentine, as so much property belonging to the plaintiff which had been converted after its severance, as such conversion and appropriation were merely acts by which the trespass itself was made complete and its fruits diverted to the use of the persons committing the wrongs upon the land.

The third cause of action set forth in the complaint charged that the defendant and others acting under his authority had both publicly and privately denied the plaintiff's title to the land.

*Held,* that the complaint was defective in that it failed to allege that the denial of the plaintiff's title was maliciously made.

*Held,* further, that as causes of action for trespass and slander could not be joined, the complaint was demurrable for a misjoinder of causes of action.

APPEAL from an interlocutory judgment overruling a demurrer interposed herein to the plaintiff's complaint.

*Stephen B. Brague,* for the appellant.

*John E. Parsons,* for the respondent.

DANIELS, J.:

The plaintiff has brought this action as the owner of about 300,000 acres of land situated in the State of Georgia, to recover damages for timber and turpentine taken from the land, and also for the slander of his title by the defendant. The complaint contains two causes of action for the timber and turpentine. To present the first of these causes of action it has been alleged that the defendant and others acting with him, " have caused various persons to cut timber and to take turpentine, the property of the plaintiff, from the same." The second cause of action has been similarly stated. For that purpose it has been alleged that the defendant and others for whom he was acting represented to lawless and irresponsible persons that they would protect such persons "in trespassing upon said lands and removing turpentine and timber, the property of the plaintiff from the same." And that various persons, " thus encouraged and protected by the defendant and by his said agents, and relying upon their assurance and protection, and directly instigated by them, have taken turpentine and timber from the said lands, the property of the plaintiff of great value." By these allegations the facts upon which the plaintiffs right to recover has been made to depend, were trespasses upon real estate situated in the State of Georgia, and for such trespasses no action can be maintained in the courts of this State. (*Cragin* v. *Lovell*, 88 N. Y., 258.)

An effort has been made to distinguish this case from that authority, upon the fact that the plaintiff in this action claims to recover the value of the timber and turpentine as so much property belonging to him, which has been converted by the persons who removed it from the land, under the authority, or at the instigation of the defendant. But the removal of the timber and turpentine, and its appropriation to the use of the persons taking it, will not entitle the plaintiff to maintain this action in this State, for the conversion and appropriation were merely acts by which the

trespass itself was made complete, and its fruits diverted to the use of the persons committing these wrongs upon the land. A similar proposition was presented in *American Union Telegraph Company* v. *Middleton* (80 N. Y., 408), but it failed to receive the sanction of the court. And it was held that the acts of trespass themselves could not be separated from those of the removal and appropriation of the property in such a manner as to allow an action to be maintained for the value of the property actually converted. The case is directly applicable in this respect to the one now under consideration, and although it may conflict in this conclusion with the decisions cited from the reports of the State of Pennsylvania, it must still be held to be controlling as to its disposition. It has been urged that a different conclusion was arrived at in *Newman* v. *Goddard* (3 Hun, 70), but that is a mistaken view of that case, for the property for which it was held a recovery might there be had was no part of the freehold, but it was personal property, in no manner whatever connected with the premises from which it was taken. This case cannot be brought within the principle upon which that proceeded, but it is to be controlled by the authorities previously mentioned. Neither of these subdivisions of the complaint present a cause of action within the jurisdiction of this court, and that part of the demurrer by which this point has been raised was therefore well taken.

The residue of the complaint, containing what has been relied upon as a third cause of action, consists in brief of the charge that the defendant, and others acting under his authority, had both publicly and privately denied the plaintiff's title to this land. But in no part of the complaint relating to this cause of action has it been alleged that this denial of the plaintiff's title was maliciously made, and that is an essential fact, the existence of which has been required to sustain an action for the slander of a title. (*Like* v. *McKinstry*, 41 Barb., 186.) But it appears further from the allegations contained in this subdivision of the complaint, that the defendant and those acting with him claimed an adverse title to the property to the plaintiff, and stated that they had been confirmed in the propriety of that claim by the unanimous decision of four able legal gentlemen who had investigated the subject, and concluded that the plaintiff was not the owner of the land. It is entirely manifest

from the alleged statements contained in the complaint, that the defendant claimed to be interested as owner in this property. And where a claim may be made of that description, together with the assertion that the plaintiff is not the owner of the property, an action of slander cannot be maintained for the mere making of the assertion. (*Smith* v. *Spooner*, 3 Taunt., 246.) And this case, as well as the preceding authority, proceeded further upon the principle that the words by which the title in question may have been assailed must be shown to have been spoken maliciously. Indeed that is essential in all actions of slander, and before such proof can regularly be given, the complaint itself must contain an allegation that such was the fact. In no part of this complaint, therefore, was any cause of action disclosed against the defendant.

But if it should be held that each division of the complaint contained a cause of action, then it was subject to the further objection mentioned in the demurrer that the causes of action were improperly joined, for by section 484 of the Code of Civil Procedure, an action of slander cannot be joined with an action for injuries to real property or for injuries to personal property, but the causes of action which may be regularly united in the same complaint must belong to one of the subdivisions contained in that section. The judgment overruling the demurrer was erroneous and it should be reversed, and judgment ordered for the defendant upon the demurrer, with leave to the plaintiff to amend within the usual time, on the payment of costs.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment reversed and judgment ordered for defendant on demurrer, with leave to amend in usual time, on payment of costs.