### GENET *v.* DELAWARE & H. CANAL CO.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

COURTS—JURISDICTION—LAND IN ANOTHER STATE.

    The complaint in an action brought in New York alleged that plaintiff leased to defendant all the coal in certain land in Pennsylvania that would prove merchantable, which defendant was to mine and pay for at a certain rate per ton, and that defendant so negligently and carelessly mined the coal that it had not been able to continue the mining under the agreement, in consequence whereof plaintiff had lost the income she might otherwise have received, and was greatly delayed in receiving royalties. *Held,* that the complaint was for the recovery for injuries to land in another state, and that the court had no jurisdiction of the action.

Appeal from special term, New York county.

Action by Augusta G. Genet against the Delaware & Hudson Canal Company. Defendant demurred to the complaint, and now appeals from the order overruling his demurrer. For litigation in the superior court of New York city, see 4 N. Y. Supp. 633, 880, 6 N. Y. Supp. 959.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*F. E. Smith,* for appellant. *G. C. Genet,* for respondent.

BRADY, J. The plaintiff leased to the defendant all the coal contained in and upon a certain piece of land in Scranton, Pa., that would prove merchantable, and would pass over a half-inch mesh, which the defendant was to mine and pay for as mined at 12½ cents per ton. The defendant entered upon possession of the property thus demised, and commenced to exercise the rights of mining secured by the covenants of the lease, but in the exercise of those rights, it is alleged by the complaint, they, negligently, carelessly, and wholly disregarding the right and interest of the plaintiff, omitted to mine the coal in such a way as to produce no injury to the property of which it formed a part. The complaint states the particular method in which the successful mining of the coal could be carried on, which it is not necessary to repeat in detail for the purposes of this appeal. It is sufficient to state generally that there is an allegation of careless and negligent working, the result of which was to produce what is known in mining parlance as a "squeeze," the plaintiff alleging that since that catastrophe the defendant has not been able to continue the mining of the coal under the agreement, and has now wholly ceased mining any coal therefrom; that in consequence the plaintiff has lost the income she might otherwise have received, and has lost the coal so crushed and destroyed, which is incapable of being mined, and in addition thereto has been and will henceforth be greatly delayed in receiving royalties,—a delay which is likely to continue for many years; and that the property may never be mined by the defendant, which has acquired the exclusive right to mine the same. The objection is made by demurrer that the court has not acquired jurisdiction of the subject of the action. It is quite evident from this statement that the plaintiff seeks to recover for injuries to lands situate in another state, and this class of actions is one of which this court has no jurisdiction. The case of *Cragin* v. *Lovell,* 88 N. Y. 258, seems to be decisive of the question presented herein. The complaint in that case alleged that the defendant

and her sister had sold and conveyed to one Fisk a certain plantation, known as "Live Oaks," situate in the state of Louisiana, for the consideration of a sum in cash and notes of Fisk, secured by a mortgage upon the plantation, and that the plaintiff, who had a large judgment against Fisk, who had absconded, took possession of the plantation; the legal title, however, remaining in Fisk. The plaintiff entered into an agreement with the defendant and her sister by which he was permitted to acquire the legal title to the plantation by paying up the notes secured by the mortgage, and then foreclosing the mortgage; that, relying upon the agreement, he paid two of the notes, and made various permanent improvements upon the plantation; that the defendant and her sister subsequently violated their agreement, and the plaintiff sustained damage to the amount of $10,000, for which he demanded judgment. The defendants, in addition to denials, set up as a counter-claim that during the time the plaintiff was in possession of Live Oaks, and claiming to be the owner thereof, and at the time the improvements were alleged to have been made by him, and while recognizing the validity of the defendants' lien, and as a part of the same transaction out of which the alleged cause of action arose, the plaintiff unnecessarily broke, destroyed, injured, and wasted the plantation, and the fences, outbuildings, etc., thereof, and so carried on the business thereof, and conducted the tillage and cultivation thereof, that the property was damaged, and asked judgment for the amount claimed in this respect. The court said, after declaring the general rule that actions for injuries to real property must be brought in the form *res sita*,—a rule uniformly sanctioned and upheld in this state,—that the court had no jurisdiction of the subject of the counter-claim, and further declared that it was a mistake to suppose that the rule in that respect had been changed by section 982 of the Code, inasmuch as that section was not intended to define the jurisdiction of the supreme court, but simply to determine the place of trial of actions of which it had jurisdiction. For these reasons the judgment appealed from must be reversed, with costs. All concur.