### PEOPLE *v.* AMERICAN LOAN & TRUST CO. OF NEW YORK.

#### *In re* HAUSELT *et al.*

##### (*Supreme Court, General Term, First Department.* December 31, 1891.)

1. APPEAL—SUFFICIENCY OF NOTICE—MISRECITAL OF DATE OF ORDER.

A notice of an appeal from an order referred to the order as having been entered June 22, 1891, but it appeared from the printed papers that the order intended to be appealed from was entered May 23, 1891. *Held*, no question being raised by respondents as to the entry of such an order, that the court would assume that there was a mistake in the date of the order, and proceed to dispose of the appeal on its merits.

2. FOREIGN CORPORATION—WAIVER OF SERVICE OF PROCESS—APPEARANCE.

On appeal from an order against a foreign corporation, appellant objected that there was nothing in the record showing service of process on any officers of the corporation or any person representing the same, and that the appearance in the case was limited to objections to the jurisdiction of the court. *Held*, that the objection was rendered unavailing by a recital in the order that the same was made on proof of "due service" thereof on defendant, and after hearing counsel for defendant in opposition, from which, in the absence of an application of defendant below to resettle the order, if erroneous, the court would presume that the appearance of defendant was general, and that the order was made after hearing its counsel on the merits.

3. SAME—JURISDICTION OF "PERSON" OF FOREIGN CORPORATION.

A corporation incorporated under the laws of North Carolina executed a mortgage on its lands in that state to secure the principal and interest of its bonds, and appointed a trust company in New York city as trustee. The corporation defaulted in the payment of interest on its bonds, and the trust company (trustee) became insolvent, and was dissolved. The mortgage authorized the trustee to foreclose, in case of such default, on request of any of the bondholders. In a proceeding by petition on the part of certain of such bondholders residing in the state of New York for such foreclosure, petitioners moved for the appointment of a new trustee. *Held*, on objection that the New York court had no jurisdiction of the "person" of the

corporation on such motion, that the provisions of the Code of Civil Procedure as to service of summons on a foreign corporation applied to the service of papers on such motion; so that, if they were personally served within the state upon an officer of the corporation, the court had jurisdiction of the "person" of such corporation.

**4. SAME—FORECLOSURE OF MORTGAGE—APPOINTMENT OF TRUSTEE.**
In such case the court had jurisdiction of the proceeding for the appointment of the trustee and the foreclosure, under Code Civil Proc. § 1780, permitting residents of the state of New York to sue a foreign corporation "for any cause of action."

**5. SAME—LANDS IN ANOTHER STATE.**
A proceeding in the courts of New York to foreclose a mortgage executed by a foreign corporation on lands in another state is not affected by the rule that an action for damages to land situated in another state cannot be maintained in the courts of the state of New York.

**6. SAME—FORECLOSURE WITHOUT LEGAL PROCEEDINGS.**
The objection that the New York courts had no jurisdiction of the proceedings in question on the ground that they were in effect instituted to effect a foreclosure as to lands in another state was further untenable in view of a provision of the mortgage that the trustee might take possession of the property and sell without legal proceedings.

**7. POWER OF COURT TO APPOINT NEW TRUSTEE—PROVISION OF MORTGAGE.**
The provision of the mortgage in question that, in case of the resignation of the trustee, the parties might appoint another, could not operate to prevent the appointment of a new trustee by the court where the original trustee, being a corporation, had become insolvent, and passed into the hands of a receiver.

Appeal from special term, New York county.

Application by Edward Hauselt and others, executors of Charles Hauselt, deceased, as holders of bonds of the Eastern Carolina Land, Lumber & Manufacturing Company, for the appointment of a new trustee, and for other relief. From an order appointing the trustee, the Eastern Carolina Land, Lumber & Manufacturing Company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

L. N. Bangs, for appellant.   Frederick W. Holls, for the People.

ANDREWS, J.   The Eastern Carolina Land, Lumber & Manufacturing Company is a corporation incorporated under the laws of the state of North Carolina.   On June 1, 1887, it executed 250 bonds of $1,000 each, and to secure the payment of such bonds it executed and delivered to the American Loan & Trust Company of the State of New York a mortgage upon lands situated in the state of North Carolina.   Subsequently said trust company became insolvent, and was dissolved by an order of this court.   At the time the petition herein was verified a temporary receiver of said company had been appointed, and the company had been enjoined from exercising any of its corporate rights, privileges, franchises, or powers.   The petitioners, who, as executors of Charles Hauselt, deceased, are the holders of $15,000 of said bonds, presented a petition to the court, alleging the facts above stated in regard to said trust company; that the Carolina company had defaulted in the payment of interest, and that such default had continued for more than six months; that petitioners had elected to demand payment of the entire principal sum of said $15,000 of bonds, according to the terms of said mortgage; and that the petitioners were desirous of having said mortgage foreclosed immediately; and praying for the appointment of a new trustee to execute the trust created by said mortgage.   The prayer of the petitioners was granted, and an order was entered appointing the State Trust Company of the City of New York trustee, in place of the American Loan & Trust Company, and from that order this appeal is taken.

The notice of appeal states that the appeal is taken from an order entered on June 22, 1891, and, as there is no such order in the printed papers, we might properly dismiss the appeal for that reason.   There is, however, in the papers an order to the effect above mentioned, dated May 23, 1891, and, as no

question was raised by the respondents but that such an order was entered, we shall assume that there was a mistake in the date of the order, and dispose of the appeal on its merits.

The first objection taken to the order is that there is nothing in the record showing service of the petition in the matter upon any officer of the corporation, or any person representing the corporation, and that the appearance in the case was limited to objection to the jurisdiction of the court. This objection might be a good one but for the fact that the order recites that it is made upon proof of "due service" of the same upon the Eastern Carolina Land, Lumber & Manufacturing Company, and after hearing Lucius N. Bangs in opposition. The appellant's counsel, in his points in support of the claim that the appearance in the case was limited to objections to the jurisdiction of the court, says, "See memorandum on Brown's affidavits." The record contains no such memorandum, and we are therefore unable to examine it. If the recitals of the order as to the service upon the Carolina company, and as to the fact that his counsel was heard generally in opposition to the granting of the prayer of the petitioner, were incorrect, an application should have been made to resettle the order. As the record stands, it must be assumed that the papers were duly served on the Carolina company, and that that company appeared generally upon the hearing of the petition, and that the order was made after its counsel had been heard upon the merits. Moreover, as the appearance was general, it is immaterial whether the statement of the order that the petition had been duly served upon the Carolina company is or is not correct, because a voluntary general appearance is equivalent to personal service. Code, § 424.

The second objection to the order is that, if such service had been made on the Carolina corporation, the court below had no jurisdiction of the person or subject-matter of the application, and that the order made is void for want of jurisdiction. It is not clear what the learned counsel for the plaintiff intends to claim when he says that, "if such service had been made, the court below had no jurisdiction of the person." The provisions of the Code in relation to the service of same—a summons—apply to the service of the moving papers in a proceeding like this, and, if such papers were personally served, within this state, upon an officer of the corporation, the court certainly obtained jurisdiction of the person. We are also of opinion that it had jurisdiction of the subject-matter of the application. "Trustees for bondholders are governed by the general rules that govern trustees in the ordinary performance of the duties of a trust. They must consult the wishes and interests of the *cestui que trust* or bondholders, and they may be removed or enjoined or ordered to proceed in the performance of their duties, as the exigencies of the case may require," (Perry, Trusts, § 760;) and an application for the removal and appointment of trustees may be made to a court of equity, either by appeal or petition, (Id. § 282.) It is true that the corporation was incorporated under the laws of North Carolina, and the lands covered by the mortgage in question were in that state. It had, however, through its officers, voluntarily come into the state of New York, and had appointed as a trustee under such mortgage a trust company incorporated under the laws of New York. The plaintiffs are residents of the state of New York, and are expressly authorized to sue a foreign corporation for any cause of action. Code, § 1780. The mortgage in question authorizes the trustee to foreclose on the request of the holder of any bonds. The petitioners are the holders of $15,000 of bonds. The trustee was insolvent, and enjoined from exercising any of its corporate powers, was incapable of acting as trustee or resigning, and was subsequently dissolved. The North Carolina company having defaulted in the payment of interest upon the said bonds, the petitioners, as authorized by the mortgage, had elected to demand payment of the principal of the said bonds, and had a clear right to have the mortgage foreclosed. The

petition alleges that the North Carolina corporation carried on part of its business in the city of Buffalo, in the state of New York. This allegation is denied in the affidavit used in opposition, but the papers show that the president, Brown, and the secretary, Bangs, who was also the attorney in this proceeding, are residents of that city. It does not, however, seem material whether the company had or had not done business in Buffalo. It had appointed a New York corporation as trustee, and the trustee, as well as the mortgagor and certain bondholders, were all before the court. Under the circumstances, there can be no question that, if said bondholders had made the present application to a court sitting in the state of North Carolina, such application would have been granted if the old trustee had been served in that state, or had voluntarily appeared there. We do not see why, when the court has obtained jurisdiction of the corporation which executed the mortgage under the trust-deed, it should decline to exercise jurisdiction, and send the bondholders to a court of North Carolina to obtain the relief to which they were clearly entitled upon the merits. If other bondholders were now before the court, objecting to the order as improvidently granted, or to the new trustee as being unfit for the trust, the court might, perhaps, regard the order as irregularly granted, though not void, because no notice was given of the application to other bondholders. The objection, however, to the order is not made by other bondholders, and no such question is before the court.

Counsel for appellant claims that the object of the proceeding is to effect a foreclosure of lands in the state of North Carolina, and that, therefore, the application should have been made to the courts of that state, and in support of that claim he cites *Genet* v. *Canal Co.*, (Sup.) 8 N. Y. Supp. 822, and *Cragin* v. *Lovell*, 88 N. Y. 258. These cases have no application, because they merely hold that an action for damages to land situated in another state cannot be maintained in the courts of this state. Moreover, the mortgage authorizes the trustee to take possession of the property, and sell it without legal proceedings, so that it does not necessarily follow that the new trustee will ever institute an action of foreclosure. Again, the counsel for the appellant claims that the parties to the mortgage have by their contract provided for the appointment of a new trustee, and that no court, whether of North Carolina or New York, has jurisdiction to appoint a new trustee until the corporation has been called upon by the bondholders to act under the provision of the mortgage relating to the appointment of a trustee, and has refused to act. The fallacy of this proposition arises from the fact that the provision in the mortgage to which reference is made, merely provides for the appointment of a new trustee in case the old trustee should resign. The old trustee did not resign, and could not do so, because it was in the hands of a receiver, and it was enjoined from exercising any of its corporate powers. It had, however, become incapable of acting, and that contingency was not provided for in the mortgage. It is also claimed that the provisions of the Revised Statutes, relating to the removal of trustees and the appointment of a new trustee in the case of the removal of a trustee, do not apply to this case. It was, however, held in *Re Mechanics' Bank*, 2 Barb. 446, that such provisions did apply to a case of this description. It is not, however, very important whether they do or do not apply, for a court of equity, by virtue of its general jurisdiction over trusts, has ample power to remove a trustee who has become incapable of acting, and to appoint another in his place. The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., concurs.

BARRETT, J. I concur. The only difficulty in my mind is that the order was made without notice to the other bondholders. No objection, however, seems to have been made on that head at special term, and certainly no such

objection appears on the appellant's points before us. If the objection had been taken, the court would doubtless have directed the matter to stand over, and required notice in some form to be given to the other bondholders. At all events, the company does not complain of such lack of notice, and we should not, therefore, reverse the order as to it. The ownership of the petitioners' bonds was not put in issue by Mr. Brown's affidavit. That could only be done by the company's answer to the petition, and there was no such answer. I think Mr. Justice ANDREWS has fully answered the main points presented by the appellant.