Ottillie Sentenis et al., Appellants, *v.* Edward R. Ladew· et al., Respondents.

While, as a general rule, an action for injuries to real estate must be brought in the forum *rei sitæ*, the Supreme Court of this state is not prohibited from entertaining an action to recover damages for injuries to real property in·another state; and where it acquires jurisdiction of the parties and defendant appears, answers and goes to trial without objecting to the authority of the court to hear the cause, the judgment rendered therein will be neither void nor voidable for want of jurisdiction, but will be binding and conclusive upon the parties.

*Dudley* v. *Mayhew* (3 N. Y. 9); *Davis* v. *Packard* (7 Pet. 276), distinguished.

In such an action plaintiff claimed $50,000 damages; a defense was interposed; when the cause was reached on the calendar plaintiff made default and the complaint was dismissed. An extra allowance of $1,000 was granted. *Held*, that there was a trial for all the purposes of costs; that, in the absence of proof to the contrary, the amount stated in the complaint was the sum "claimed" and "the value of the subject-matter involved" within the meaning of the provision of the Code of Civil Procedure (§ 3253) governing extra allowances, and so, the allowance was not reviewable here.

*Hanover Fire Ins. Co.* v. *Germania Fire Ins. Co.* (138 N. Y. 252), distinguished.

(Argued December 12, 1893; decided December 19, 1893.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made August 21, 1893, which affirmed an order of Special Term denying a motion by plaintiffs to set aside and vacate a judgment for costs and an extra allowance.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. Bainbridge Smith* for appellant. The court had no jurisdiction of the subject-matter alleged in the complaint. (*Dodge* v. *Colby*, 108 N. Y. 445; *A. U. T. Co.* v. *Middleton*, 80 id. 408; *Cragin* v. *Lovell*, 88 id. 258.) Courts cannot entertain a suit over the subject-matter of which they have no jurisdiction, although the defendant has stipulated for a consideration not to raise the objection, and the question here presented is whether a final judgment in such a case can be rendered, for it is only where a final judgment can be rendered that entitles a defendant to costs. (*Dudley* v. *Mayhew*, 3 N. Y. 9; *Kenny* v. *Green*, 13 Ill. 432; Code Civ. Pro. §§ 488, 965, 3228, 3229; *In re Ferguson*, 9 Johns. 239, 241; *Ex parte Davis*, 5 Cow. 33; *Ex parte Benson*, 6 id. 592; *Ex parte Mallard*, Id. 593; *People* v. *Judges of Madison*, 7 id. 423; *Malone* v. *Clark*, 2 Hill, 657; *Patterson* v. *Burnett*, 17 Civ. Pro. Rep. 115; *King* v. *Poole*, 36 Barb. 242, 247; *Burnham* v. *Rangeley*, 2 W. & M. 417, 419; *Lawford* v. *Partridge*, 38 Eng. L. & Eq. 493; *Bradstreet* v. *Foster*, 16 Pet. 217; *Strader* v. *Graham*, 18 How. [U. S.] 602.) If the court had no power to grant costs, it had no power to grant an allowance. There was no basis upon which the court could estimate the percentage for an allowance. If, on the other hand, the allowance was discretionary, the exorbitant allowance of $1,000 on dismissing the complaint was an abuse of such discretion. (*Genet* v. *D. & H. C. Co.*, 10 N. Y. Supp. 467; *H. F. Ins. Co.* v. *G. F. Ins. Co.*, 138 N. Y. 252; *Wittman* v. *Ely*, 7 S. & R. 260; *Cowper* v. *Cowper*, 2 P. Wms. 753; *People* v. *Eggleston*, 13 How. Pr. 123, 129; *Harrington* v. *People*, 6 Barb. 607, 610; *Kamp* v. *Kamp*, 59 N. Y. 212.)

*George A. Strong* for respondent.   The judgment should not be vacated upon the question of jurisdiction.   (*Genet* v. *D. & H. C. Co.*, 10 N. Y. Supp. 467 ; *Adams* v. *Arkenburgh,* 106 N. Y. 617 ; *A. U. T. Co.* v. *Middleton,* 80 id. 408.) The general right to adjudge costs on dismissing a case for lack of jurisdiction is well settled.   It being established that ordinary costs may be adjudged in such a case, the court has power to grant an extra allowance.   (*Simmons* v. *Simmons,* 32 Hun, 552 ; *Thiem* v. *Madden,* 27 id. 372 ; *King* v. *Poole,* 36 Barb. 242 ; *Donnelly* v. *Libby,* 1 Sweeny, 287.)

MAYNARD, J.   The plaintiffs impleaded the defendants in the supreme court for trespass upon real property in the state of Tennessee, alleging damages to the amount of $50,000, and demanding judgment for that sum.   A defense was interposed, and the issues joined were noticed for trial, and when the cause was called for the purpose of making up the day calendar the plaintiffs' attorney announced that they were ready for trial.   When the cause was reached on the day calendar the plaintiffs made default, and an order was entered dismissing their complaint, with costs, and with an extra allowance of $1,000.   Judgment was subsequently entered in which it was adjudged that the complaint be dismissed, and that the defendants recover of the plaintiffs $1,115.70, costs and disbursements, and have execution therefor.   The plaintiffs subsequently moved to set the judgment aside upon the ground that the court had no jurisdiction of the subject-matter of the action, it being for trespass upon real property not situated within the state, and it could not, therefore, enter a valid judgment.   The courts below have denied the motion and the plaintiffs have brought this appeal.

We entertain no doubt that the supreme court had jurisdiction to render the judgment awarded in this action.   Under the constitution it has general jurisdiction in law and equity, and of the class of actions to which this cause belongs.   It is not prohibited by any statute from entertaining jurisdiction of a suit for damages for injuries to real property in another

state. As was stated by Judge Earl in *Cragin* v. *Lovell* (88 N. Y. 258): "It is a general rule of law that actions for injuries to real property must be brought in the forum *rei sitæ*, and this rule of law has been, so far as I can discover, uniformly sanctioned and upheld in this state." But a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and having once done so he cannot subsequently invoke its protection. (*Lee* v. *Tillotson*, 24 Wend. 337; *Embury* v. *Conner*, 3 N. Y. 511; *Matter of Cooper*, 93 id. 507.) If the court acquires jurisdiction of the persons of the parties by due personal service of process, or by their voluntary appearance and submission to its jurisdiction, and the defendant makes no objection to the authority of the court to hear the cause, and the parties proceed to a trial upon the merits, the judgment rendered would be neither void nor voidable for want of jurisdiction, but would be binding and conclusive upon the parties.

The rule of law which the courts will enforce in this class of cases, when objection is duly and seasonably made, is waived by the plaintiff when he brings the action; and by the defendant if he pleads generally and goes to trial without insisting upon its benefits. In all the cases to which counsel refers the question was raised in an appropriate manner by the defendant before trial. (*Am. Union Tel. Co.* v. *Middleton*, 80 N. Y. 408; *Cragin* v. *Lovell*, 88 id. 258; *Dodge* v. *Colby*, 108 id. 445.) In *Tel. Co.* v. *Middleton* it arose on motion to vacate order of arrest; in *Cragin* v. *Lovell* and *Dodge* v. *Colby*, on demurrer. It would be an intolerable abuse of the process of the court if the plaintiff could be permitted to select his tribunal and summon his adversary before it, and when defeated in the cause be heard to say that the action was not cognizable by the court, and that the judgment which it had rendered was a nullity. It might be different if the court was one whose jurisdiction was expressly limited by statute, or there was some statutory inhibition of jurisdiction

in a given case or class of cases. Then consent even might not confer jurisdiction. Such was the case of *Oakley* v. *Aspinwall* (3 N. Y. 547), where the statute prohibited a judge from sitting in a cause if he was related to a party, and it was held that even consent could not confer jurisdiction, because the law was not designed merely for the protection of the parties to the suit, but for the general interests of justice.

In *Dudley* v. *Mayhew* (3 N. Y. 9), the subject-matter was exclusively for the Federal courts under the Federal Constitution and laws to hear, and hence the state courts were prohibited from entertaining jurisdiction. The same principle controlled the decision of *Davis* v. *Packard* (7 Pet. 276), and it was there held that if it had been a personal privilege it would have been waived. If jurisdiction is prohibited and the case is one where consent cannot confer it, it is an unsettled question whether the court, upon dismissing the cause, can render any judgment, even for costs. It does not seem ever to have been the subject of adjudication in this court, and the decisions of the lower courts and of the courts of other states are somewhat conflicting upon this point. As this case does not belong to that class it is unnecessary now to decide the question.

The court having power to award costs and enter judgment could also grant an extra allowance. There was a trial here for all the purposes of costs. This court cannot review the exercise of the discretion of the trial court. It was an action at law and damages to the amount of $50,000 were alleged and demanded. That was the sum " claimed " and " the value of the subject-matter involved " in the absence of proof to the contrary, and might properly be taken as the basis of an allowance against the plaintiff. The case is distinguishable from *Hanover Fire Ins. Co.* v. *Germania Fire Ins. Co.* (138 N. Y. 252). That was an action in equity. The party against whom the allowance was claimed in his verified pleading denied that the value of the property right involved was as stated in the pleading of his adversary, and it was held that as against him there was not sufficient proof of value to support

an extra allowance. Here the situation is reversed. The allegation of value is made use of against the party asserting it, and averments or statements of fact in pleadings are always admissible in evidence against the pleader.

The order must be affirmed, with costs.

All concur.

Order affirmed. ·