GOODRICH, P. J., WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

Judgment affirmed, but, under the circumstances, without costs of this appeal to either party.

---

MARY DELMAR and DELIA DELMAR, Appellants, *v.* ELIZA JANE DELMAR, Individually and as Executrix under the Last Will and Testament of JOHN DELMAR, Deceased, Respondent.

*Action to set aside the probate of a will — where the plaintiffs offer no proof an affirmative judgment sustaining the will is proper — the plaintiffs cannot appeal — a $1,000 extra allowance sustained — a finding that the Statute of Limitations had run coupled with other affirmative findings.*

Where the heirs at law of a decedent bring an action under section 2653a of the Code of Civil Procedure to have the probate of the alleged will of the decedent set aside and to have the will declared null and void, and the defendant interposes an answer containing in substance a general denial, in which she also alleges that the action was not begun within two years after the probate and that there was a defect of parties and prays for a dismissal of the complaint

and for judgment that the will is valid and that all parties be enjoined as provided by the said section, the plaintiffs cannot, by appearing when the case is called for trial and declining to proceed, limit the defendant's relief to a mere dismissal of the complaint, but, under the provisions of said section 2653a, the defendant is, notwithstanding her failure to set up a counterclaim, entitled to present her proof and to obtain an affirmative judgment thereon.

The plaintiffs having made default have no standing to appeal from the judgment rendered against them.

The court may properly grant an extra allowance of $1,000 where the complaint alleges, and the answer does not deny, that the estate consists of $150,000 in personalty and many parcels of improved realty and that the plaintiffs are the sole surviving heirs at law of the testator.

Quære, whether, if the plaintiffs were entitled to appeal from the judgment entered upon their default, they could raise the objection that the judgment was anomalous in that it embodied a finding that the Statute of Limitations had run against the action and also findings of an affirmative character necessarily based upon proof of the defendant's case.

APPEAL by the plaintiffs, Mary Delmar and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 30th day of January, 1901, upon the verdict of a jury, rendered by direction of the court, dismissing the complaint upon the merits in an action brought under section 2653a of the Code of Civil Procedure to have judicially declared invalid a paper purporting to be the last will and testament and codicil of John Delmar, deceased.

*David May*, for the appellants.

*Isaac M. Kapper* [*Thomas E. Pearsall* with him on the brief], for the respondent.

JENKS, J.:

The heirs at law sue under section 2653a of the Code of Civil Procedure to have the probate of a will set aside and to have the will declared null and void. The defendant as legatee and devisee and as executor interposed, in substance, a general denial and also alleged that two years had intervened probate and the beginning of this action, and that there was a defect of parties. She prayed for a dismissal of the complaint, for judgment that the writing was the will, and that all parties be enjoined as provided by the said section. The action came to trial, and the minutes show that the plaintiffs appeared but declined to proceed, the defendant proceeded, a jury

was impaneled, the defendant made due proof of the allegations of her answer, and the jury thereupon, by direction of the court, found a verdict in favor of the defendant and against the plaintiffs : (1) That the writing was the last will of the testator, and that the same was duly admitted to probate in the Surrogate's Court ; and (2) that more than two years have elapsed since the alleged cause of action accrued ; and that the court thereupon granted an extra allowance of $1,000. Judgment in conformity therewith was entered, with an enjoining clause.

The contention of the appellants is : " The plaintiffs, having failed to appear, the defendant was in no position to proceed with a trial of the action, and the only relief to which the defendant was entitled, on the failure of the plaintiffs to appear, was a dismissal of the complaint." This contention is based upon two grounds : First, it is said to be supported by this provision of the section : " The party sustaining the will shall be entitled to open and close the evidence and argument. He shall offer the will in probate and rest The other party shall then offer his evidence. The party sustaining the will shall then offer his other evidence, and rebutting testimony may be offered as in other cases." But this is but a direction for the procedure upon the trial, that makes the probate of the will by the surrogate *prima facie* evidence, and so shifts the burden of proof. (*Dobie* v. *Armstrong*, 160 N. Y. 584, 590.)

The second ground of the contention is the failure of the defendant to plead a counterclaim. The learned counsel concedes that if the defendant had interposed a counterclaim " there can be no question " that the defendant would have had a right to proceed to an affirmative judgment. It is quite evident that the appellants view this action as subject to the principles and rules of an ordinary litigation, and so, in my opinion, mistake the scope of this section of the Code. I think the purpose of the statute is to determine finally whether the writing in question *is* or *is not* the last will of the testator, and thus to enable those interested, either under the will or in the estate, to have the question set at rest. (*Dobie* v. *Armstrong*, 27 App. Div. 520, 521; affd., 160 N. Y. 584.) He who seeks to sustain the will, whether plaintiff or defendant, should be regarded as one who seeks and who is entitled to the affirmative relief involved in the finding that the writing is the will, and

in the enjoining clause which is incident thereto. The defendant in this case asks for such relief as the statute expressly affords to her. By its terms she was entitled to open and to close the evidence and the argument. The rights of the defendant put the control of the litigation beyond the plaintiffs, so that they could not default under the mere penalty of a nonsuit as in an ordinary action wherein the defendant prayed for no affirmative relief. The appellants contend that the defendant was estopped because she did not plead a counter-claim, and cites *Acer* v. *Hotchkiss* (97 N. Y. 408). Now the quotation from the opinion in that case makes against them. It is: "We have held that the counterclaim must be described as such where the question turned upon the want of a reply. (*Eq. Life Ass. Soc.* v. *Cuyler*, 75 N. Y. 511.) Such a rule is essential to protect a plaintiff from being misled by an answer, and to prevent the snare of a counterclaim lurking under the cover of a supposed defense and unconsciously admitted by a failure to reply." Now the reason for the rule ceases in this case, because the statute in express terms affords to him who seeks to sustain the will, whether as plaintiff or defendant, the exact measure of relief sought by the answer and demanded in the prayer. Thus apprised by the statute and notified by the answer and by the prayer, the plaintiffs could not have been misled or lulled to sleep.

If the plaintiffs were properly in this forum then they might be heard in objection that the judgment is anomalous, in that it embodies the finding that the Statute of Limitations had run, and also findings of an affirmative character necessarily based upon proof of the defendant's case. As to the force of such objection if it had been raised this court is not of one mind. But it appears in the judgment that the plaintiffs appeared at the trial and declined to proceed. They now appeal from the judgment. But they made default, and so we think that they have no standing in this court of appellate jurisdiction. (Code Civ. Proc. § 1294.)

The court granted an extra allowance of $1,000. The granting of an extra allowance and the amount of it were within the sound discretion of the learned justice who presided at the trial. The record before us does not present the history of the trial, but it shows that the defendant made due proof of the allegations of her answer. The complaint in this case alleges that the personal prop-

erty of the estate is $150,000 (which is not denied by the answer), and shows that the estate embraced many parcels of improved realty. The plaintiffs alleged that they were the sole surviving heirs at law of the testator, and, therefore, if they had been successful in this action they would have become entitled to an amount of property sufficient to form the basis for the allowance granted in this case. In *Sentenis* v. *Ladew* (140 N. Y. 463) the plaintiff claimed damages for $50,000 for trespass. The plaintiff defaulted and the court dismissed the complaint, granting an extra allowance of $1,000. The court say: "The court, having power to award costs and enter judgment, could also grant an extra allowance. There was a trial here for all the purposes of costs. This court cannot review the exercise of the discretion of the trial court. It was an action at law, and damages to the amount of $50,000 were alleged and demanded. That was the sum 'claimed' and 'the value of the subject-matter involved,' in the absence of proof to the contrary, and might properly be taken as the basis of an allowance against the plaintiff. The case is distinguishable from *Hanover Fire Ins. Co.* v. *Germania Fire Ins. Co.* (138 N. Y. 252). That was an action in equity. The party against whom the allowance was claimed, in his verified pleading, denied that the value of the property right involved was as stated in the pleading of his adversary, and it was held that as against him there was not sufficient proof of value to support an extra allowance. Here the situation is reversed. The allegation of value is made use of against the party asserting it, and averments or statements of fact in pleadings are always admissible in evidence against the pleader." (See, too, *Woodbridge* v. *First Nat. Bank*, 45 App. Div. 166, 171.)

The appeal must be dismissed, with costs.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

Appeal dismissed, with costs.