(155 App. Div. 456.)

### GARRABRANT v. DISBROW et al.

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

PLEADING (§ 409*)—SCANDAL—STRIKING OUT.

    In an action for admeasurement of dower, where plaintiff, who averred that she was entitled to dower, having remained the wife of the decedent until his death, moved to strike allegations that she was caught in act of adultery and left her husband going to live with her paramour as scandalous, but did not move to strike allegations that at the time of her leaving she released all her marital rights and went to live with her paramour, her right to object to those allegations as scandalous is waived, and they may be restated in the amended answer so as to be applicable to the defense.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383, 1386; Dec. Dig. § 409.*]

Appeal from Special Term, Kings County.

Action by Louise Garrabrant against Mabel Z. Disbrow and Sol Leopold. From an order striking out a portion of the answer and imposing costs upon defendants' attorney, the defendant named and her attorney Franklin Pierce appeal. Reversed, and motion denied.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Franklin Pierce, of New York City, in pro. per. and for appellant Mabel Z. Disbrow.

Joseph F. Conran, of Brooklyn, for respondent.

WOODWARD, J. This action was brought for an admeasurement of plaintiff's dower in real property. The complaint alleged that on the 20th day of December, the plaintiff, who was then Louise Saltzman, that being her maiden name, was married to one Peter Smith, and that "she was his lawful wife up to the time of his death." The answer denied knowledge or information sufficient to form a belief as to the allegation above quoted, and admits the allegation of the complaint that certain premises were conveyed to the said Peter Smith in January, 1888, and that said Peter Smith subsequently and in April, 1896, deeded the said premises to the defendant in this action, who is a daughter of the plaintiff and of the said Peter Smith. The answer likewise ad-

mits the allegation of the complaint that the plaintiff did not join in the deed of conveyance to the defendant, and that "she has in no way confirmed said conveyance or released her dower in said premises." The subsequent marriage of the defendant to Frank Disbrow, and the death of said Peter Smith intestate, and the appointment of an administrator, are admitted, as is the allegation of the complaint that the defendant is the owner in fee of the real property in question, which is nonproductive. The allegation of the complaint that, subsequent to the death of the said Peter Smith, the plaintiff intermarried with one Wiley Garrabrant, and that she is now the wife of the said Wiley Garrabrant, is met in the original answer with an allegation on information and belief:

"That in or about the year 1882, the plaintiff herein, living with the said Peter Smith as his wife, committed adultery with said Wiley S. Garrabrant. That she was discovered in the act. That she shortly afterwards left the home and bed of said Peter Smith and left her children, this defendant, and defendant's brother, and never returned, and that, at or about the time of her said leaving, she entered into a written agreement with the said Peter Smith to release her rights of every name and nature and which he might thereafter acquire in his estate, and that thereupon she went to live with said Wiley S. Garrabrant, and lived with him for years as his wife, and was married to him, as defendant is informed and believes, about four years before the death of said Peter Smith, and that she has no right, title, or interest in the said real estate, and that she has released, as aforesaid, all of her rights in the said real estate, and that she has never been in possession of said real estate or never made any claim to said real estate, although said Peter Smith died at the time alleged in the complaint, and that at the time of his death she was not his wife and did not become his widow and has no dower right in said estate."

On the 24th day of June, 1912, plaintiff's attorney served a notice of motion to strike out of the answer of the defendant Disbrow "as irrelevant to the issues and scandalous so much of paragraph 4 of said answer as reads as follows, namely: 'That in or about the year 1882, the plaintiff herein, living with the said Peter Smith as his wife, committed adultery with said Wiley S. Garrabrant. That she was discovered in the act. That she shortly afterwards left the home and bed of said Peter Smith and left her children, this defendant, and her brother, and never returned.' " The only other specific relief asked for was that defendant's attorney should be directed to pay the costs of the motion. This motion was granted in all respects as requested, the order directing that the defendant be "ordered to serve within ten days from the office of a copy of this order a new answer with the aforesaid words omitted." Subsequently the amended answer was served, and the answer alleged, on information and belief:

"That at or about the year 1882, the plaintiff herein, at that time living with said Peter Smith as his wife, deserted her home and ceased to live with the said Peter Smith as his wife, and that she went to live with the said Wiley S. Garrabrant mentioned in the complaint and commenced at said time, and has continued ever since, to live with said Garrabrant as his wife, and that she was married to the said Garrabrant during the life of the said Peter Smith and lived with said Garrabrant during the life of said Peter Smith as his wife, and that in connection with her desertion of the said Peter Smith, and at or after the time of the desertion as aforesaid, the said plaintiff herein signed and delivered" the release alleged in the original answer.

' On the 14th of November, 1912, plaintiff's attorney served a notice of motion for an order striking out the language above quoted from the amended answer, and this motion has been granted, with a direction that defendant's attorney shall pay the costs of the motion. Upon a motion for a resettlement of the order, the court directed that the new order should take the place of the order dated the 29th day of November, 1912, which was the order striking out the matter from the amended answer.

When the plaintiff's original motion was made, the answer contained the allegation that:

"At or about the time of her said leaving, she entered into a written agreement with the said Peter Smith to release her rights of every name and nature and which she might thereafter acquire in his estate, and that thereupon she went to live with said Wiley S. Garrabrant and lived with him for years as his wife, and was married to him, as defendant is informed and believes, about four years before the death of said Peter Smith, and that she has no right," etc.

The complaint, it will be remembered, alleged the marriage of the plaintiff with Peter Smith in 1869, and the language last above quoted charged the alleged adultery almost as directly as it was charged in the language to which exception was taken and which the court ordered to be omitted, and it is certainly loose practice to say that a party may be permitted to pick out particular language and ask to have it struck out, leaving other matter unquestioned, and then object when the substance of such unquestioned matter is retained in the new or amended pleading. It may be that, if the original motion had asked the court to strike out all of the allegations tending to bring into disrepute the plaintiff, the same should have been granted; but it seems to us that, in the present instance, the plaintiff having originally confined her motion to certain definite language, leaving other matter of the same general tenor without questioning, she is in the position of one who has waived a right under the law, and, having done so, cannot be heard to invoke its aid or protection. Sentenis v. Ladew, 140 N. Y. 463, 466, 35 N. E. 650, 37 Am. St. Rep. 569. The defendant, having pleaded in good faith and having submitted to an order which struck out certain language, had a right to assume that this was all that the plaintiff found objectionable, and the mere fact that in the amended answer the form of the allegations were slightly changed from those which remained without objection does not operate to change the rule. The defendant was directed to serve an answer from which certain specified language should be omitted, and while he could not be permitted to merely change the construction of the sentences, using the same or substantially the same language, he could not properly be denied the right of pleading the facts which he deemed necessary to the statement of a defense. Both the complaint and the answer are lacking in that conciseness which is desirable in good pleading; but, under the ample powers of the court to amend (section 723, Code of Civil Procedure); these may be corrected. In connection with the allegation that plaintiff entered into a written agreement with the said Peter Smith to release her rights of every name and nature and which she might thereafter acquire in his estate, it may be material to allege and prove

that plaintiff had actually separated and was living apart from him. To strike out the allegation of the original answer that the plaintiff committed adultery was one thing; to strike out an allegation which may be material to an issue presented by the pleadings is quite another:

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.