CLARA ALICE CROUCH, Appellant, v. IKE GEORGE CROUCH, Respondent.

Second Department, July 27, 1920.

Husband and wife — separation — void divorce as constituting cruel and inhuman treatment or abandonment — counterclaim for divorce — when insufficient under section 1756 of Code of Civil Procedure — adultery as defense.

It is not cruel and inhuman treatment justifying a decree in an action for a separation that the defendant sought and obtained a divorce from the plaintiff in a sister State, though said divorce may be void for want of jurisdiction.

But if such illegal divorce is followed by marriage and cohabitation with another it furnishes the basis for a finding of abandonment.

In an action for separation a counterclaim for divorce, based on the adultery of the plaintiff, is insufficient under section 1756 of the Code of Civil Procedure where it is alleged that the parties were married in the State of North Dakota, but there is no allegation that the defendant was a resi-

dent of this State when the offense was committed and the counterclaim interposed.

The requirements of section 1756 of the Code of Civil Procedure must be met to confer jurisdiction over the cause of action stated in the counterclaim, for the courts of this State have no common-law jurisdiction over the subject of divorce.

But while the allegations are not sufficient for a counterclaim they are sufficient for a defense as adultery is misconduct justifying abandonment.

PUTNAM and KELLY, JJ., dissent in part.

APPEAL by the plaintiff, Clara Alice Crouch, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of May, 1920, denying plaintiff's motion for judgment on her demurrer to the counterclaim of the defendant.

*Sidney A. Clarkson,* for the appellant.

*Edward J. Fanning* [*Jay S. Jones* and *Henry M. Dater* with him on the brief], for the respondent.

BLACKMAR, J.:

The action is for a separation. Notwithstanding the numerous allegations in the complaint, the only cause of action stated therein is for abandonment. That defendant sought and obtained a divorce from plaintiff in a sister State, although it may be void in this State for want of jurisdiction, is not cruel and inhuman treatment; but if followed by marriage and cohabitation with another, it furnishes the basis for a finding of abandonment.

The answer, among other defenses, alleges, as a second defense and counterclaim, the adultery of plaintiff, and demands judgment both of dismissal of the complaint and dissolution of the marriage. The plaintiff, having demurred to the second defense and counterclaim on the ground that as a counterclaim it does not state facts sufficient to constitute a cause of action, and as a defense it is insufficient in law upon the face thereof, moved for judgment upon the defense and counterclaim. The motion was denied and the plaintiff has appealed to this court.

In an action for separation a counterclaim for absolute divorce may be interposed. (Code Civ. Proc. § 1770.) The cases in which an action for divorce on the ground of adultery may be maintained in this State are:

1. Where both parties were residents of the State when the offense was committed.

2. Where the parties were married within this State.

3. Where the plaintiff was a resident of the State when the offense was committed, and is a resident thereof when the action is commenced.

4. Where the offense was committed within the State, and the injured party, when the action is commenced, is a resident of the State. (Code Civ. Proc. § 1756.)

If defendant were bringing an action against plaintiff for divorce, upon allegations such as are contained in the counterclaim, the complaint would be insufficient; for, alleging that the parties were married in the State of North Dakota, there is no allegation that the plaintiff was a resident of this State when the offense was committed or the action brought. If the facts as stated in a complaint are not sufficient to constitute a cause of action, neither are they sufficient to constitute a counterclaim if stated in an answer. (Code Civ. Proc. § 501; *Cragin* v. *Lovell,* 88 N. Y. 258; *Fulton County G. & E. Co.* v. *Hudson River T. Co.,* 200 id. 287.) The requirements of section 1756 of the Code of Civil Procedure are necessary to confer jurisdiction over the cause of action. The courts of this State have no common-law jurisdiction over the subject of divorce; they must act within the limits of the power conferred by statute (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456), and the Legislature has granted power to entertain actions for divorce only on certain conditions of residence of the party applying therefor.

But if the allegations are not sufficient for a counterclaim, they are for a defense. (Code Civ. Proc. § 1765.) The adultery of husband or wife is certainly misconduct that justifies the other in abandoning cohabitation. This seems too plain for argument. If it is a defense to an action for separation on the ground of cruel and inhuman treatment (*Wise* v. *Wise,* 159 App. Div. 575), *a fortiori* it is to an action for separation on the ground of abandonment.

I recommend that the order be reversed, without costs, and the motion granted to the extent of sustaining the demurrer to the counterclaim and overruling it as to the defense, with interlocutory judgment accordingly.

JENKS, P. J., and RICH, J., concur; PUTNAM, J., dissents on the ground that the restriction as to a complaint is not applicable to a counterclaim of a defendant brought into court in a matrimonial action, who should have a right not only to plead the plaintiff's adultery as a defense, but as a basis for cross relief under the counterclaim; with whom KELLY, J., concurs.

Order reversed, without costs, and motion granted to the extent of sustaining the demurrer to the counterclaim and overruling it as to the defense, with interlocutory judgment accordingly.