Nelson, Ch. J.
By the Court, It appears to be conclusively settled, that *485 an action on the case for diverting a water-course, so far savours of the realty as to be classed with local'actions, and must be tried in the county where the injury happens. 1 Chitty’s Pl. 271, 284. 1 Bacon, 56. 7 Co. 61, 62. Raider’s case; 1 Tidd,, 369. 2 East, 497. The Company, &c. of M. & I. Navigation v. Douglass, 1 Saund. Pl. Ev. 412. 1 Taunt. 379. It stands on a footing in this respect with real and mixed actions, such as trespass quare clausum fregit, ejectment, waste, &c. where, if the lands lie in & foreign country, they cannot be tried here, Bacon, 56 ; 4 T. R, 503 ; 1 Strange, 646 ; 2 W. Black. R. 1070 ; Saund. Pl. § Ev. 412 ; [ *486 ] and the objection is available *at the trial under the general issue. Id. and 1 Tidd, 369. 2 W. Black. R. 1033. Cowp. 410. 12 Wendell, 52. Doulson v. Matthews and another, 4 T. R. 503, was trespass for entering the plaintiff’s dwelling house in Canada and expelling him ; the plaintiff was nonsuited at the trial by Lord Kenyon, on the ground that the action was local, which nonsuit was afterwards sustained by the whole court. Buffer, J. observed, that they could try actions which are in their nature transitory, though arising out of a transaction abroad ; but not such as are in their nature local.
It was said on the argument that if the objection appears on the face of the declaration, the defendant should demur, and cannot avail himself of it on the trial. I doubt if the cases above referred to maintain any such distinction. But if they do, the three first counts of the declaration here do not present it, as the court cannot know that Newark, there named, lies out of the city and county of New-York, and the plaintiffs claimed to recover on these counts.
An opinion was expressed by the court, when this lease was formerly before ns, that the proviso limited the elevation of the water by the dam, at a point that would not raise the flow of the pond above the apron of the old miff; an opinion we stiff adhere to for the reasons then given. 14 Wendell, 38. There is some little obscurity in the form of expression, but the intent cannot be mistaken. The construction contended for by the plaintiffs would entirely destroy the enjoyment of the upper miff.
Judgment affirmed.