## Case No. 4,908.

### FOOT et al. v. EDWARDS.

[3 Blatchf. 310.][1]

Circuit Court, D. Connecticut. Sept., 1855.

Thomas C. Perkins and C. W. Philleo, for plaintiffs.

William Hungerford and William D. Shipman, for defendant.

INGERSOLL, District Judge. It appears, by the plaintiffs' declaration, that they are the owners of mill property in the state of Massachusetts, situate not far from the dividing line between that state and the state of Connecticut, on a stream of water which is accustomed to flow from, and has its rise in, the latter state; that, in Connecticut, the defendant diverted the water of the stream, by which diversion it ceased to flow to the plaintiffs' mill; and that, in consequence thereof, the value of the plaintiffs' mill, so situate in Massachusetts, was greatly impaired.

The right of recovery depends upon establishing three facts. These three facts are—the right of the plaintiffs to have the water of the stream flow to their mill—the diversion of that water by the defendant—and damage to the plaintiffs' mill in consequence of such diversion. The plaintiffs' mill was in Massachusetts. Their right to have the water of the river flow to it was in that state. They have been deprived of that right by the act of the defendant. The damage which they have sustained was to their mill in Massachusetts. But the act committed by the defendant, by which the plaintiffs have been deprived of that right, and by which their mill in Massachusetts has been damaged, was committed by the defendant in Connecticut; and that act was the diversion in Connecticut, above the plaintiffs' mill, of the water of the stream on which that mill stood. For this damage, from such a cause, it is insisted by the defendant, that no remedy can be had

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

in this court, and that no court can afford any remedy except a court in Massachusetts.

The defendant claims that, as the damage which the plaintiffs seek to recover was to their real estate situate in Massachusetts, no court can give them redress therefor, except a state court in the county, or a federal court in the state and district, where the real estate is situate. If this claim is well founded, the plaintiffs may have no redress for the injury complained of, as, when the wrong act complained of, which produced the injury, was committed, the defendant was in Connecticut, and he may never be in Massachusetts, to be served with process.

The rule is well settled, that an action on the case for diverting a water course must be tried, if the cause is brought before a state court, in the county where the cause of action arose. Watts v. Kinney, 23 Wend. 485; Id., 6 Hill, 82. If the action is brought in the federal court, it must be tried in the state and district where the cause of action arose. Usually, in actions brought to recover damages to real estate by the diversion of a stream of water, the act which causes the injury is committed in the county where the real estate damaged is situated. In such a case, it is very clear, where the action is brought before a state court, that there is only one county where the suit can be maintained; and that county is the county in which the land is situated which received the injury, and in which the act which produced it was committed. In such a case, it is very clear, also, that the cause of action arose entirely in the county where the land is situate, and that no court out of such county can take jurisdiction of the case. Where land situated in one district is injured by a tortious act committed in the same district, it is very clear that the action for the recovery of the damage to such land, if brought before a federal court, must be brought before the court of the district in which the land is situate, and in which the act which caused the damage was committed. In such a case, the cause of action arose entirely in the district where the land is situate, and no federal court of any other district can take jurisdiction of the action. Livingston v. Jefferson [Case No. 8,411]. If real estate situate in one county is injured by the diverting of a stream of water in another county, and the suit is brought before a state court, such suit is properly brought, if brought in a court in the county where such real estate is situate. Thompson v. Crocker, 9 Pick. 59; Barden v. Crocker, 10 Pick. 383. If a mill situate in one state is injured by the diversion, in another state, of the stream upon which it is situate, and a suit for such diversion should be brought before the federal court in the state where the mill is situate, such suit would be properly brought, and such court would have jurisdiction of the case. Per Woodbury, J., in Stillman v. White Rock Manuf'g Co. [Case No. 13,446]. But it

is denied by the defendant that a state court in the county where the diversion took place, the land injured not being in such county, or that a federal court in the state where the diversion took place, the land injured not being in such state, can take jurisdiction of such a case.

It being well settled that, in a case of this kind, the suit must be brought where the cause of action arose, it becomes essential, in order to determine whether this suit has been brought before the proper court, to determine what is the cause of action. An action is "the lawful demand of one's right." The cause of this lawful demand, or the reason why the plaintiff can make such demand, is some wrong act committed by the defendant, and some damage sustained by the plaintiff in consequence thereof. The commission or omission of an act by the defendant, and damage to the plaintiff in consequence thereof, must unite to give him a good cause of action. No one of these facts by itself is a cause of action against the defendant. The wrongful diversion, then, of the water of the stream, in Connecticut, by the defendant, and the consequent damage which the plaintiffs' mill in Massachusetts has sustained, constitute the cause of action. A part of that which is essential to the plaintiffs' right to recover took place in Connecticut. Without the commision of the act of diversion in Connecticut, there would have been no good cause of action. With it, there is a sufficient cause of action. The act of diversion, which arose in Connecticut, and the other facts existing, give to the plaintiffs a cause of action. That which is essential, therefore, to the plaintiffs' right of recovery against any one, or their cause of action, arose where the suit has been brought.

This conclusion from the principle stated would be quite satisfactory without the authority of adjudged cases to support it. Where two material facts are necessary to give a good cause of action, and they take place in different counties, the cause of action may be said to arise in either county. Various authorities state the rule as follows: "When an action is founded upon two things in different counties, both material to the maintenance of the action, it may be brought in the one county or the other." Com. Dig. "Action," N., 11. "Where an injury has been committed in one county to real property situate in another, or wherever the action is founded upon two or more material facts, which took place in different counties, the venue may be laid in either." 1 Saund. Pl. & Ev. 413. In the case of Scott v. Brest. 2 Term R. 238, Ashurst, J., in speaking on this subject, says: "Supposing the foundation of the action to have arisen in two counties, I think that, where there are two facts which are necessary to constitute the offence, the plaintiff may, ex necessitate, lay the venue in either." In Bulwer's Case, 7 Coke, 1, it is thus laid down: "When matter in one

county is depending upon the matter in the other county, there the plaintiff may choose in which county he will bring his action;" and: "If a man doth not repair a wall in Essex which he ought to repair, whereby my land in Middlesex is drowned, I may bring my action in Essex, for there is the default; or I may bring it in Middlesex, for there I have the damage." In this case, the default was in Connecticut.

In the case of Thompson v. Crocker, 9 Pick. 59, which was an action brought in the county of Plymouth, to recover damages to mills situate in that county, caused by the diversion of water in the county of Bristol, Judge Parker, upon exceptions taken to the jurisdiction, remarked, in giving the opinion of the court in favor of the jurisdiction: "The place where the injury was done, to wit, at the mills, gives the locality to the action, and not the source from which the mischief came." But, in the case of Barden v. Crocker, 10 Pick. 383, which was a case of the like kind, where the damage was in one county, and the diversion which caused it was in another, and where the action was brought in the county where the property was damaged, the court repudiated the limited doctrine on the subject of jurisdiction, laid down by Judge Parker in Thompson v. Crocker, and expressed the opinion that the action could be maintained in either county. This subject was discussed in the case of Stillman v. White Rock Manuf'g Co. [Case No. 13,446]. The plaintiff in that case was the owner of a mill in Connecticut, on the stream of water which is the dividing line between Connecticut and Rhode Island. The defendant, on the opposite side of the stream, in Rhode Island, dug a trench, by which the water of the stream was diverted from the plaintiff's mill. The plaintiff brought his bill of complaint, in the circuit court in Rhode Island, to restrain the defendant from thus diverting the water of the stream. The injunction was granted. Judge Woodbury decided that case upon a principle not involved in this one. But, in giving his opinion, he says: "If this view," (the view which he took), "of the rights of the parties were not shown to be entirely sound, it might be reasonable, in a case like this, to hold a wrong-doer liable, either where the direct act is done, or where the consequential injury is felt." And the cases which he puts clearly show that he so considered the law to be.

The doctrine contended for by the defendant is, that where the plaintiff has been damaged in his real estate, and in that only, the suit must be brought where the real estate is situated. A plaintiff may suffer damage to his real estate by various wrong acts committed by a defendant. In this case, the wrong act complained of is the diversion of the water of the stream. A plaintiff may suffer damage to his real estate by a slander of his title. And if, in this case, a court in Connecticut, where the wrong act was committed, has no right to give redress to the plaintiffs for the injury which their real estate in Massachusetts has sustained, in consequence of such wrong act, then, if the plaintiffs had owned a dwelling-house in Massachusetts, which they were accustomed to rent, and the defendant, in Connecticut, had published a malicious libel in regard to such dwelling-house, in consequence of which it had been greatly impaired in value, the plaintiffs would have no redress for such injury in Connecticut, where the publication of the libel was made, and would be without redress, unless they could find the defendant in Massachusetts, so that he could be served with process.

With this view of the case, this court has jurisdiction, and the plaintiffs' declaration must be adjudged to be sufficient.