# MOORE v. PYWELL.*

STATUTES; TORTS; DEATH BY NEGLIGENT ACT; ACTION; JUDICIAL NOTICE;
PLEADING.

1. Statutes which make a person liable for an act resulting in death, which,
   if death had not ensued, would have entitled the person to maintain an
   action for damages, do not, of themselves, create a cause of action, but
   merely remove the common-law obstacle in the way of a recovery under
   such circumstances.

2. An action based upon the act of a druggist of this District in negligent-
   ly filling a prescription here, which results in that death of a person in
   Maryland, is maintainable here, although the statute in force here pro-
   vides for a recovery only where the act causing death is done within
   the limits of this District, as such a tort includes both the act which
   causes the injury and the damage consequent thereon, and as such
   statute and the Maryland statute are consistent in removing the com-
   mon-law obstacle to a recovery for a tort where death results. (Con-
   struing Code D. C. §§ 1301-1303 [31 Stat. at L. 1394, 1395, chap. 854]
   and Md. Code, art. 67.)

3. The courts of the United States take judicial notice of the statutes and
   judicial decisions of the several States; so that, where a declaration
   for a tort committed here and resulting in death in Maryland bases
   the right of the plaintiff to recover "upon the statutes in such cases
   made and provided," the lower court should take judicial notice of the
   Maryland and District of Columbia statutes giving a remedy in case
   of death by negligent act.

4. In a declaration based upon the negligent act of a druggist in filling a
   prescription in this District, which resulted in the death of plaintiff's
   intestate, it is not necessary to allege where the death of the intestate
   occurred.

No. 1676.    Submitted February 14, 1907.    Decided April 2, 1907.

---

*Foreign Laws—Judicial Notice.—The authorities dealing with judicial
cognizance of foreign laws are presented in editorial note to Cherry v.
Sprague, 67 L.R.A. 33.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action by an administrator to recover damages for the death of his intestate resulting from the alleged negligent act of the defendant.

*Reversed.*

The COURT in the opinion stated the facts as follows:

George W. Moore, administrator of the intestate, James M. Moore, sued Robert T. Pywell to recover damages for the death of the intestate, caused by the alleged negligence of the defendant, who erroneously filled a prescription for the intestate, who took the medicine and died in consequence.

At the trial the plaintiff's evidence tended to prove that the attending physician gave to James M. Moore, then sick with typhoid fever at his home in Maryland, a prescription, one ingredient of which was 1½ ounces of ecthol; that the brother of the intestate presented the prescription to the clerk at appellee's drug store [in the District of Columbia], who submitted it to the appellee, and then filled the prescription, substituting ichthyol for ecthol; that when the prescription was compounded it was taken to the intestate's home, and given to him according to the physician's directions, and after he had taken two doses, on August 22, he died on August 26, 1904, and that his death was caused by the substitution of ichthyol for ecthol.

At the conclusion of the plaintiff's evidence, the appellee moved the court to direct a verdict in his favor on the ground that the evidence did not tend to show "an injury done and happening within the limits of the District of Columbia," as alleged in the declaration, but in the State of Maryland; and that under the declaration the appellant's cause of action, if he had one, was not given by secs. 1301–1303 of the District Code [31 Stat. at L. 1394, 1395, chap. 854], nor as declared upon, but by the Maryland statute, art. 67, Maryland Code.* The

---

*The statutes referred to are as follows:

Code, D. C. "Sec. 1301. Liability.—Whenever by an injury done or happening within the limits of the District of Columbia the death of a person shall be caused by the wrongful act, neglect, or default of any person or

court announced· that under the pleadings and evidence, as the case then stood, it would direct a verdict in favor of the appellee, and thereupon the appellant asked for time wherein to apply for leave to amend by referring in the declaration to the statutes of· both Maryland and the District of Columbia similar to Lord Campbell's act.  The court overruled the appellant's motion, and gave leave to appellant to amend by declaring upon the Maryland statute alone.  The appellant declined to accept such leave.  It was stipulated that a juror should be withdrawn, with authority to the court to enter judgment in favor of the appellee if the court denied appellant's motion to amend, such judgment to have the same effect and to preserve to the appellant the same rights as if the court had directed a verdict for the appellee and entered judgment thereon.  And the appellant, upon exception to the court's refusal to allow the proposed amendment, and to the court's ruling equivalent to a direction to the jury to return a verdict for the appellee, brought this appeal.

---

corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured, or if the person injured be a married woman, have entitled her husband, either separately or by joining with the wife, to maintain an action and recover damages, the person who or corporation which would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured, even though. the death shall have been caused under circumstances which constitute a felony; and such damages shall be assessed with reference to the injury resulting from such act, neglect, or default causing such death, to the widow and next of kin of such deceased person:  *Provided,* That in no case shall the recovery under this act exceed the sum of ten thousand dollars:  *And provided, further,* That no action shall be maintained under this chapter in any case when the party injured by such wrongful act, neglect, or default has recovered damages therefor during the life of such party.

"Sec. 1302. By Whom Suit to be Brought.—Every [*such*] action shall be brought by and in the name of the personal representative of such deceased person, and within one year after the death of the party injured.

"Sec. 1303. Distribution of Damages.—The damages recovered in such action shall not be appropriated to the payment of the debts or liabilities of such deceased person, but shall enure to the benefit of his or her family, and be distributed according to the provisions of the statute of distribution in force in the said District of Columbia."

*Mr. A. E. Leckie, Mr. Creed M. Fulton,* and *Mr. Joseph W. Cox* for the appellant.

*Mr. C. C. James* and *Mr. J. J. Darlington* for the appellee.

1. The contention of the appellant below, and here, is that under Code D. C. secs. 1301–1303, the injury is not something caused by the wrongful act, neglect, or default, as the act in terms provides, but the wrongful act, neglect, or default itself, and therefore that only such act, neglect, or default need be done or happen within the limits of the District of Columbia.      ✓

This would be to rewrite the act. Not only is such a construction inconsistent with the language of the act creating the cause of action, but it is equally inconsistent with the language of the proviso, namely: "That no action shall be maintained under this chapter in any case when the party injured by such wrongful act, neglect, or default has recovered damages therefor during

---

Article 67, Public General Laws of Maryland, Volume 2, Page 1553.

"Sec. 1. Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties, respectively, for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties in such shares as the jury by their verdict shall find and direct: *Provided,* That not more than one action shall lie for and in respect of the same subject-matter of complaint; and that every such action shall be commenced within twelve calendar months after the death of the deceased person."—REPORTER.

the life of such party." In both parts of the act, the injury is one thing, and its cause, namely, the wrongful act, neglect, or default, is another; and it is the former, the injury, which must be done or happen within the limits of the District of Columbia in order to give the action. The above is so obviously the plain meaning of the act as, perhaps, to render the consideration of authorities upon the question unnecessary. Resort to construction can be had only where the language is doubtful; "it is not allowable to interpret what 'has no need for interpretation." *U. S.* v. *Graham,* 110 U. S. 221. Resort to the authorities, however, leads to the same result. The cases cited in opposition, in so far as they are applicable at all, are, without exception, cases in which the physical injury was inflicted in one State and the death occurred in another. No case is cited of an injury suffered in one State, resulting from some negligent act or omission in another State, which was held to give the plaintiff the right to maintain a special action, not authorized by the common law, under the statutes of the latter State.

Where negligence, consisting in the failure to inspect machinery or appliances, occurs in one State, and an accident resulting therefrom, causing the death or injury, occurs in another, it is the law of the latter State which governs. *R. R. Co.* v. *Becker,* 67 Ark. 1; *R. R. Co.* v. *Brown,* 67 Ark. 295. See also *Cameron* v. *Vandergriff,* 53 Ark. 381; *The Plymouth,* 3 Wall. 20, 33; *R. R. Co.* v. *Doyle,* 60 Miss. 977; *Belt* v. *R. Co.* 22 S. W. 1062.

2. The authority offered in support of the proposition that in actions like the present the declaration ·is based, not upon the statute, but upon the tort, on the ground that the statute does not create the cause of action, but simply removes an obstacle to recovery upon it, is some language used by Mr. Justice Brewer in announcing the opinion of the court in *Stewart* v. *R. R. Co.* 168 U. S. 445, 448, quoted at pp. 4, 5 of appellant's brief. But "general expressions in an opinion, which are not essential to the disposal of a case, are not permitted to control the judgment of other suits." *Harriman* v. *Northern Securities Co.* 197 U. S. 244, 291. That the learned justice, in delivering the opinion in

*Stewart* v. *R. R. Co.* intended no such corollary to be drawn, is obvious from the opinion itself, which holds, simply, that there are no such inconsistencies between the Maryland act and that in force in the District of Columbia as to preclude an action in the courts of the District upon the Maryland statute, and that therefore the plaintiff was entitled to maintain this action in the courts of the District "for the benefit of the persons designated in the statute of Maryland,"—a conclusion impossible if the holding of the court had been that the action was, as the appellant contends, not upon the statute, but upon the tort. And see to same effect *Dennick* v. *R. R. Co.* at p. 20. The Supreme Court has, in repeated instances, held in terms, that, in cases like the present, the cause of action is created by the statute, which decisions, so far from being intended to be overruled by *Stewart* v. *R. R. Co.,* are cited with approval in it; namely, *Texas & Pacific R. Co.* v. *Cox,* 145 U. S. 593, 605; *Dennick* v. *R. R. Co.* 103 U. S. 11; *Huntington* v. *Attrill,* 146 U. S. 657; *Northern Pac. R. R. Co.* v. *Babcock,* 145 U. S. 190.

3. But conceding that the cause of action was created by the Maryland act, could recovery be had under the declaration, which neither pleads that act, nor any facts or circumstances bringing the case within it? The negative of this proposition is, in effect, established by the principles and authorities already cited. A recovery cannot be had upon a cause of action not stated in the declaration. *Stewart* v. *R. R. Co.* 6 App. D. C. 56.

The proposition that Federal courts take cognizance of the statutes of all the States, and that it is unnecessary to plead matter of which judicial cognizance is taken within the limitations of the authorities cited, may be conceded for present purposes, none of them holding that, where the cause of action is a foreign statute, it may be omitted from the pleadings and left to judicial cognizance. *R. R. Co.* v. *Evans,* 121 Ga. 394; *O'Reily* v. *R. R. Co.* 16 R. I. 389. If, however, courts could take judicial cognizance of the statutes of a state creating the cause of action sued upon, without their being pleaded, this would not help the appellant in the present case. He would have to go further, and maintain that the courts will

also take judicial cognizance of the facts, unpleaded, which bring the case within those statutes, namely, in the case at bar, that the injury was done in Maryland, and that the death occurred there, neither of which facts is pleaded in the declaration. *Union Pacific R. Co.* v. *Wyler,* 158 U. S. 255.

4. The only remaining question in the case is whether there is reversible error in the denial of the court below of the leave to amend sought. That such an application is to the sound discretion of the trial court, and that its exercise of that discretion will be interfered with only for manifest error, is familiar. *R. R. Co.* v. *Snashall,* 3 App. D. C. 420, 431.

Mr. Justice McComas delivered the opinion of the Court:

There are two assignments of error. We decide upon the first in favor of the appellant, and therefore need not discuss the second.

We think the court below erred in directing the jury, upon the case as presented by the pleadings and evidence, to return a verdict for the defendant, the appellee here, and that the court should have followed the rule of the Supreme Court concerning statutes authorizing an action for death by wrongful act, and that court's interpretation of our own statutes, chapter 45 of the District Code, and of the Maryland statutes mentioned.

In *Stewart* v. *Baltimore & O. R. Co.* 168 U. S. 445, 42 L. ed. 537, 18 Sup. Ct. Rep. 105, 6 App. D. C. 56, Stewart, administrator, filed a declaration in two counts, both alleging that plaintiff's intestate, Casey, was killed through the negligence of the defendant company in the State of Maryland, and that the action was brought for the benefit of intestate's wife, there being no parent or child of intestate. The first count claimed relief under the act of February 17, 1885 (23 Stat. at L. 307, chapter 126), now chapter 45, District Code. The second count, in addition to the same matter set out in the first, set forth the provisions of art. 67 of the Maryland Code, and claimed recovery thereunder. The court below had sustained

MOORE *v.* PYWELL.                                            319

a demurrer to this declaration, both upon the ground that the plaintiff could not recover in this District for the alleged death of plaintiff's intestate by wrongful act of defendant in the State of Maryland, and, second, that the provisions of the Maryland Code could not be enforced in the District of Columbia. This court concurred with the court below but the Supreme Court reversed the judgment.

Mr. Justice Brewer, in stating the case, remarked that the statute in force in this District (Code, chapter 45) "provides for recovery *in case the act causing death is done within the limits of the District of Columbia,*" and sets forth our statute and the provisions of the Maryland Code, art. 67, relating to negligence causing death (p. 446, L. ed. p. 538, Sup. Ct. Rep. p. 105), and in his opinion observes that this court held that the action could not be maintained under the District statute, because that authorizes recovery only in case the injury causing death is done within the limits of the District, nor under the Maryland statute, because of the peculiar form of remedy prescribed therein; that the Maryland statute not only created a liability, but prescribed a particular remedy, and that no action could be maintained in Maryland or elsewhere unless that special remedy was pursued. The Supreme Court rejected these views. Mr. Justice Brewer said: "A negligent act causing death is in itself a tort, and, were it not for the rule founded on the maxim, *Actio personalis moritur cum persona,* damages therefor could have been recovered in an action at common law. * * * The purpose of the several statutes passed in the States, in more or less conformity to what is known as Lord Campbell's act, is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort. Such statutes are not penal, but remedial, for the benefit of the persons injured by the death. An action to recover damages for a tort is not local, but transitory, and can, as a general rule, be maintained wherever the wrongdoer can be found. *Dennick* v. *Central R. Co.* 103 U. S. 11, 26 L. ed. 439. * * * Where the statute simply takes away a common-law obstacle to a recovery for an admitted tort, it would seem not unreasonable to

hold that an action for that tort can be maintained in any State in which that common-law obstacle has been removed." Justice Brewer proceeds to say that both statutes disclose the purpose to do away with the obstacle to a recovery, caused by the death of the party injured; that the statutes differ as to the party to bring the suit, but that the plaintiff under either is only a nominal plaintiff, and, according to each, the damages to be recovered are to be distributed among certain heirs of the deceased; that the Federal courts regard not the nominal, but the real, party in interest, who is the party for whose benefit recovery is sought, and it is evident the courts of either jurisdiction will see that the damages awarded pass to such party. After determining that the different mode of apportioning damages in the two statutes discussed is not of controlling importance, Justice Brewer held that the plaintiff Stewart could maintain this action in the District court for the benefit of the person designated in the Maryland statute. Pp. 447–450, L. ed. pp. 538, 539, Sup. Ct. Rep. p. 106.

So, in the case before us, we hold that the negligent act causing death as alleged in the declaration is in itself a tort for which damages are recoverable if the plaintiff's claim be sustained by the evidence; that both statutes are remedial and for the benefit of the persons injured by the death; that in Maryland and in this District the common-law obstacle to an action for the tort alleged in this declaration has been removed.

The court below erred in concluding that either of the statutes here considered created the cause of action for an admitted tort, since both statutes disclosed the purpose to do away with the common-law obstacle to recovery therefor. The action in this case is for such a tort. The elements of every tort are *damnum* and *injuria.* This declaration disclosed both elements. The effect of the death of the party injured, on the consequences of such a tort, as restricted by the common-law maxim, *Actio personalis moritur cum persona,* has been so qualified by the statutes we are here considering that for the tort set out in this declaration this administrator may maintain this action under his present declaration. See Piggott, Torts, pp. 11 & 20.

We are of opinion that, since a tort like that here declared includes both the act which caused the injury and the damage consequent thereon, in view of the two statutes we have discussed, the action may be maintained in this District, where the negligence which caused the death of appellant's intestate happened. Said Chief Justice Gray in *Le Forest* v. *Tolman*, 117 Mass. 109, 19 Am. Rep. 400: "In order to maintain an action of tort founded upon an injury to person or property, and not upon a breach of contract, the act which is the cause of the injury and the foundation of the action must at least be actionable or punishable by the law of the place in which it is done, if not also by the law of the place in which redress is sought." In that case the action was brought by the person injured, but since these two statutes remove the common-law obstacle to recovery in this District and in Maryland, we are of opinion that the wrongful act alleged to have been committed in this District, and to have resulted in death therefrom in Maryland, is actionable in this District, in which the wrongful act was committed. While the action lies to recover damages for death, the gist of this action for the tort is the wrongful act itself resulting in death. The place of death ought not to determine the existence or nonexistence of a cause of action. See *Van Doren* v. *Pennsylvania R. Co.* 35 C. C. A. 282, 93 Fed. 264.

The equivalent Wisconsin statute gave a right of action "whenever the death of a person shall be caused by a wrongful act, neglect, or default," with a proviso that "such action shall be brought for a death caused in this State, in some court established by the Constitution and laws of the same," and the Wisconsin court, after saying that the cause of action was obviously the wrongful act, observed: "It is not made of the substance of the right of action that the death should have occurred within the state, but the gist and substance of the provision is that the death shall have been caused by a wrongful act, neglect, or default occurring in this State; but in what State the damages ensued thereon was not, we think, intended to be made material. * * * The foundation of the action is obviously the wrong-ful or negligent act or default which caused the injury, and

which is in contravention of the law of the State. This, as we have said, is the substantive ground of action." *Rudiger* v. *Chicago, St. P. M. & O. R. Co.* 94 Wis. 194, 196, 68 N. W. 661.

In an ingenious argument which is not convincing, appellees' counsel contend that since chap. 45 of the District Code applies only to a case of "an injury done or happening within the limits of the District of Columbia [whereby] the death of a person shall be caused by the wrongful act, neglect, or default of any person," two things must concur; first, an injury done or happening within the limits of the District, and, second, an injury caused by the wrongful act of a person, and that "an injury" in this statute means some hurt done to the person of the decedent within the District causing his death, and gives the remedy wherever in such case the injury was caused by the wrongful act of the defendant. The case of *Stewart* v. *Baltimore & O. R. Co.* 168 U. S. 445, 42 L. ed. 537, 18 Sup. Ct. Rep. 105, decides this contention against the appellee. In that case the plaintiff sued for damages for the death of his intestate, who had suffered both the injury and the death in Maryland and Mr. Justice Brewer, in his statement of the case, construes chap. 45 of the District Code, saying "it provides for recovery in case the act causing death is done within the limits of the District of Columbia," and in the opinion proceeds to say that the purpose of these statutes "is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort," and, apparently because both the injury and the death in that case happened in Maryland, while the action was brought in this District, added: "An action to recover damages for a tort is not local, but transitory, and can, as a general rule, be maintained wherever the wrongdoer can be found. *Dennick* v. *Central R. Co.* 103 U. S. 11, 26 L. ed. 439." In the last-mentioned case the plaintiff brought suit in a State court of New York, against a railroad incorporated in New Jersey, to recover damages for the death of her husband in a case where the injury and death both happened in New Jersey; and, this case having been removed to the circuit court of the United States for the northern district of New York, the Supreme Court held

the action properly brought, Justice Miller remarking that, as the character of the action is transitory, and not local, "it is difficult to understand how the nature of the remedy or the jurisdiction of the courts to enforce it is in any manner dependent on the question whether it is a statutory right or a common-law right." The New York and New Jersey statutes gave the remedy for death by wrongful act, and the court below had held that the remedy could be enforced only by an administrator of the deceased appointed by the authority of New Jersey under the relevant statute of that State; and the Supreme Court held that the defendant corporation was liable in any court to whose jurisdiction it could be subjected. In *Stewart's Case* Justice Brewer in effect held that the Maryland statute simply took away the common-law obstacle to a recovery for an admitted tort, and that an action for that tort could be maintained in this District by Stewart, administrator, although committed upon his intestate in Maryland, resulting in the death of his intestate in that State, in which the same obstacle has been removed. In the case before us the declaration alleges that only the wrongful act was committed in this District, and that only the death resulting therefrom happened in Maryland. Inasmuch as in the *Stewart Case* both the injury and the death happened in Maryland, and the Supreme Court held that the action in that case could be maintained in this District, and also remarked that the statute in force here provides for recovery in case the act causing death is done within the limits of this District, we repeat the Supreme Court has decided adversely to the contention of appellants' counsel, which was affirmed by the court below. If the prescription had been filled in Maryland, and the medicine had been given there and had caused the death there, and yet under the principle announced in the *Stewart Case* this plaintiff could have maintained his action for such tort here, what reason of public policy, what principle of law, should lead us to deny the benefit of these remedial statutes solely because the prescription was filled here, negligently, and carried to Maryland, and, when the medicine was taken there, it caused the death of plaintiff's intestate in that State? We are convinced

that if the wrongful act alleged to have been done here caused the death in Maryland, that circumstance not only does not forbid a recovery, but affords an additional ground for maintaining such action in this District.

In *Foot* v. *Edwards,* 3 Blatchf. 310, Fed. Cas. No. 4,908, it appeared that the plaintiff owned a mill in Massachusetts, near the Connecticut State line, on a stream rising in the latter State; and in Connecticut the defendant diverted the water so that it ceased to flow to the plaintiff's mill; and the plaintiff sued the defendant in Connecticut, in the United States circuit court, which held that it had jurisdiction of an action by the Massachusetts plaintiff against the Connecticut defendant. The court said: "The commission or omission of an act by the defendant, and damage to the plaintiff in consequence thereof, must unite to give him a good cause of action. No one of these facts by itself is a cause of action against the defendant. The wrongful diversion, then, of the water of the stream, in Connecticut, by the defendant, and the consequent damage which the plaintiff's mill in Massachusetts has sustained, constitute the cause of action. A part of that which is essential to the plaintiff's right to recover took place in Connecticut. Without the commission of the act of diversion in Connecticut, there would have been no good cause of action. With it, there is a sufficient cause of action. The act of diversion, which arose in Connecticut, and the other facts existing, give to the plaintiffs a cause of action. That which is essential, therefore, to the plaintiffs' right of recovery against anyone, or their cause of action, arose where the suit has been brought."

Another question must be considered. The appellee contends that, if the appellant could recover under the declaration upon the grounds we have discussed, the declaration was fatally defective because it neither pleaded the Maryland act nor any facts or circumstances bringing the appellant's case within it. Sec. 61 of the Code of the District [31 Stat. at L. 1199, chap. 854] declares that the supreme court of the District "shall possess the same powers and exercise the same jurisdiction as the circuit and district courts of the United States, and shall be

deemed a court of the United States." See *Benson* v. *Henkel,* 198 U. S. 1, 14, 49 L. ed. 919, 924, 25 Sup. Ct. Rep. 569.

In *Owings* v. *Hull,* 9 Pet. 607, 625, 9 L. ed. 246, 253, Justice Story said: "The circuit courts of the United States are created by Congress, not for the purpose of administering the local law of a single State alone, but to administer the laws of all the States in the Union, in cases to which they respectively apply. The judicial power conferred on the general government, by the Constitution, extends to many cases arising under the laws of the different States. * * * That jurisprudence is, then, * * * to be judicially taken notice of, in the same manner as the laws of the United States are taken notice of by these courts."

In *Pennington* v. *Gibson,* 16 How. 65, 81, 14 L. ed. 847, 854, it is said: "We hold that the courts of the United States can and should take notice of the laws and judicial decisions of the several States of this Union, and that, with respect to these, nothing is required to be specially averred in pleading which would not be so required by the tribunals of those States respectively." See *United States* v. *Turner,* 11 How. 663, 667, 13 L. ed. 857, 859.

In *Cheever* v. *Wilson,* 9 Wall. 108, 121, 19 L. ed. 604, 607, a case going up from the supreme court of this District, the court said: "The courts of the United States take judicial notice of the laws and judicial decisions of the several States."

And in *Hanley* v. *Donoghue,* 116 U. S. 1, 5, 29 L. ed. 535, 537, 6 Sup. Ct. Rep. 242, the court said: "When exercising an original jurisdiction under the Constitution and laws of the United States, this court, as well as every other court of the national government, doubtless takes notice, without proof, of the laws of each of the United States. * * * In the exercise of its general appellate jurisdiction from a lower court of the United States, this court takes judicial notice of the laws of every State of the Union, because those laws are known to the court below as laws alone, needing no averment or proof." And the court then proceeds to say that, upon writ of error to the highest court of the State, the Supreme Court does not take judi-

cial notice of the law of another State not proved in that court
and made part of the record sent up, unless by the local law that
court takes judicial notice of it.

In *Lamar* v. *Micou,* 114 U. S. 218, 223, 29 L. ed. 94, 96, 5
Sup. Ct. Rep. 857, the court said: "The law of any State of
the Union, whether depending upon statutes or upon judicial
opinions, is a matter of which the courts of the United States
are bound to take judicial notice, without plea or proof."

In *Fourth Nat. Bank* v. *Francklyn,* 120 U. S. 747, 751, 30
L. ed. 825, 827, 7 Sup. Ct. Rep. 757, Justice Gray remarked:
"In the court below, statutes and decisions of Rhode Island were
agreed or proved and found as facts, in seeming forgetfulness of
the settled rule that the circuit court of the United States, as
well as this court on appeal or error from that court, takes
judicial notice of the laws of every State of the Union."

This contention of appellants' counsel ignores the careful dis-
crimination which the Supreme Court exercises in cases coming
from a State involving the statute of a sister State, which
usually must be proved like any other matter of fact, as in the
State court the laws of another State are but facts required to
be proved in order to be considered. Therefore the Supreme
Court does not take judicial notice of them. See *Hanley* v.
*Donoghue, supra; Green* v. *Van Buskirk,* 7 Wall. 139, 19 L.
ed. 109.

In *Union P. R. Co.* v. *Wyler,* 158 U. S. 285, 39 L. ed. 983,
15 Sup. Ct. Rep. 877, which began by the plaintiff's suit brought
in the State court of Missouri to recover damages for a personal
injury he had suffered in Kansas, which suit was removed to
the United States circuit court, where the plaintiff amended his
petition so as to change the nature of his claim and base it upon
a statute of Kansas giving a railroad employee such as plaintiff
was, in such a case, a right of action against the railroad com-
pany in derogation of the general law,—since the plaintiff's
petition claimed recovery upon the general law, and as amended
claimed under the Kansas statute, the Supreme Court concluded
that herein was a departure from the common law to the statute
law, and that to the new cause of action the statute of limitations

applied.   The suit was brought in a Missouri court, and was
necessarily controlled by the law of that State, and it was
brought under the general laws of that State, and as amended
became by the departure a suit under a Kansas statute.   The
court principally determined that the plaintiff in the Missouri
court could not amend his common-law declaration founded upon
a common-law right, into an action upon a Kansas statute in
derogation of the law of Missouri, without a departure from law
to law, and thereby to the new statutory cause of action limita-
tions applied.

The doctrine of that case cannot be applied to the declaration
filed in the case before us.   This declaration bases the right
of the plaintiff to recover "upon the statutes in such case made
and provided," and the court below should take judicial notice
of the Maryland and District statute giving a remedy to the
plaintiff in such alleged case of death by negligence; and we
think the tort for which recovery is claimed is sufficiently de-
scribed, and it was not necessary to allege that plaintiff's in-
testate died in Maryland.

The judgment in this case must be reversed, and the cause
remanded to the Supreme Court of the District of Columbia for
a new trial and for further proceedings therein not inconsistent
with this opinion.   The judgment is *reversed, with costs, and
the cause remanded for a new trial and further proceedings not
inconsistent with this opinion.*