## BEAN *v.* MORRIS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
NINTH CIRCUIT.

No. 122.   Argued April 11, 12, 1911.—Decided May 29, 1911.

Where streams flow through more than one State, it will be presumed,
in the absence of legislation on the subject, that each allows the same
rights to be acquired from outside the State as could be acquired
from within.

The doctrine of appropriation has always prevailed in that region of
the United States which includes Wyoming and Montana; it was
recognized by the United States before, and by those States since,
they were admitted into the Union and the presumption is that the
system has continued.

In this case an appropriation validly made under the laws of Wyoming
is sustained as against riparian owners in Montana.

159 Fed. Rep. 651, affirmed.

THE facts are stated in the opinion.

*Mr. T. J. Walsh,* with whom *Mr. George W. Pierson*
and *Mr. Cornelius B. Nolan* were on the brief, for peti-
tioners.

*Mr. William M. Ellison,* with whom *Mr. Alexander M.
McCoy* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This suit was brought by the respondent, Morris, to
prevent the petitioners from so diverting the waters of
Sage Creek in Montana as to interfere with an alleged
prior right of Morris, by appropriation, to two hundred
and fifty inches of such waters in Wyoming. Afterwards
the other respondent, Howell, was allowed to intervene

and make a similar claim. Sage Creek is a small creek, not navigable, that joins the Stinking Water in Wyoming, the latter stream flowing into the Big Horn, which then flows back northerly into Montana again, and unites with the Yellowstone. The Circuit Court made a decree that Morris was entitled to 100 inches miner's measurement, of date April, 1887, and that, subject to Morris, Howell. was entitled to one hundred and ten inches, of date August 1, 1890, both parties being prior in time and right to the petitioners. 146 Fed. Rep. 423. On appeal the findings of fact below were adopted and the decree of the Circuit Court affirmed by the Circuit Court of Appeals. 159 Fed. Rep. 651; 86 C. C. A. 519.

It was admitted at the argument that but for the fact that the prior appropriation was in one State, Wyoming, and the interference in another, Montana, the decree would be right, so far as the main and important question is concerned. It is true that some minor points were suggested, such as laches, abandonment, the statute of limitations, &c., but the findings of two courts have been against the petitioners upon all of these, and we see no reason for giving them further consideration. So we pass at once to the question of private water rights as between users in different States.

We know no reason to doubt, and we assume, that, subject to such rights as the lower State might be decided by this court to have, and to vested private rights, if any, protected by the Constitution, the State of Montana has full legislative power over Sage Creek while it flows within that State. *Kansas* v. *Colorado*, 206 U. S. 46, 93–95. Therefore, subject to the same qualifications, we assume that the concurrence of the laws of Montana with those of Wyoming is necessary to create easements, or such private rights and obligations as are in dispute, across their common boundary line. *Missouri* v. *Illinois*, 200 U. S. 496, 521. *Rickey Land & Cattle Co.* v. *Miller & Lux,*

218 U. S. 258, 260. But with regard to such rights as came into question in the older States, we believe that it always was assumed, in the absence of legislation to the contrary, that the States were willing to ignore boundaries, and allowed the same rights to be acquired from outside the State that could be acquired from within. *Mannville Co.* v. *Worcester,* 138 Massachusetts, 89. *Thayer* v. *Brooks,* 17 Ohio, 489. *Slack* v. *Walcott,* 3 Mason, 508, 516. *Stillman* v. *White Rock Manuf. Co.,* 3 Woodb. & M. 538. *Rundle* v. *Delaware & Raritan Canal Co.,* 1 Wall. Jr. 275, 14 How. 80. *Foot* v. *Edwards,* 3 Blatchf. 310. See *Wooster* v. *Great Falls Manuf. Co.,* 39 Maine, 246, 253. *Armendiaz* v. *Stillman,* 54 Texas, 623; *State* v. *Lord,* 16 N. H. 357. *Howard* v. *Ingersoll,* 17 Alabama, 780, 793. There is even stronger reason for the same assumption here. Montana cannot be presumed to be intent on suicide, and there are as many if not more cases in which it would lose as there are in which it would gain, if it invoked a trial of strength with its neighbors. In this very instance, as has been said, the Big Horn, after it has received the waters of Sage Creek, flows back into that State. But this is the least consideration. The doctrine of appropriation has prevailed in these regions probably from the first moment that they knew of any law, and has continued since they became territory of the United States. It was recognized by the statutes of the United States, while Montana and Wyoming were such territory, Rev. Stat., §§ 2339, 2340, p. 429, Act of March 3, 1877, c. 107, 19 Stat. 377, and is recognized by both States now. Before the state lines were drawn of course the principle prevailed between the lands that were destined to be thus artificially divided. Indeed, Morris had made his appropriation before either State was admitted to the Union. The only reasonable presumption is that the States upon their incorporation continued the system that had prevailed theretofore, and made no changes other than those necessarily implied or

expressed. See *Willey* v. *Decker,* 11 Wyoming, 496; *Smith*
v. *Denniff,* 24 Montana, 20.

It follows from what we have said that it is unnecessary
to consider what limits there may be to the powers of an
upper State, if it should seek to do all that it could. The
grounds upon which such limits would stand are referred
to in *Rickey Land & Cattle Co.* v. *Miller & Lux,* 218 U. S.
258, 261. So it is unnecessary to consider whether Morris
is not protected by the Constitution; for it seems super-
fluous to fall back upon the citadel until some attack
drives him to that retreat. Other matters adverted to in
argument, so far as not disposed of by what we have said,
have been dealt with sufficiently in two courts. It is
enough here to say that we are satisfied with their dis-
cussion and confine our own to the only matter that
warranted a certiorari or suggested questions that might
be grave.

*Decree affirmed.*