# WEILAND, STATE ENGINEER OF THE STATE OF COLORADO, ET AL. *v.* PIONEER IRRIGATION COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 3. Argued January 17, 1919; restored to docket for reargument June 6, 1921; reargued January 10, 11, 1922.—Decided June 5, 1922.

1. Where a substantial claim of federal, constitutional right is set up in the bill, in addition to diverse citizenship, and is made the basis of decision in the District. Court and the Circuit Court of Appeals, the decree of the latter court is appealable here under Jud. Code, § 128. P. 501.

2. Water of a stream flowing from Colorado into Nebraska was diverted in Colorado by a Nebraska corporation and transported through its canal to Nebraska where it was sold and used on Nebraska lands. *Held,* that the appropriation was superior in right to later appropriations from the stream made in Colorado for use on Colorado lands, and that state officials of Colorado were properly enjoined from interfering with it and from treating the appropriator, in the distribution of water, otherwise than if the canal and lands irrigated therefrom were wholly within that State, notwithstanding their objection that the waters of natural streams in Colorado are, by her constitution and laws, the property of the public dedicated to the use of her people and cannot be taken for use elsewhere as against persons desiring to use them in Colorado. P. 502. *Wyoming* v. *Colorado, ante,* 419.

238 Fed. 519, affirmed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decree of the District Court enjoining the appellants, officials of the State of Colorado, from interfering with the appellee's right to take water, in Colorado, from a stream flowing thence into Nebraska, for use on lands in Nebraska, and requiring them to recognize the appropriation, in the distribution of water, according to its priority.

*Mr. Victor E. Keyes,* Attorney General of the State of Colorado, and *Mr. Delph E. Carpenter,* with whom *Mr. Leslie E. Hubbard, Mr. Fred Farrar* and *Mr. Charles Roach* were on the briefs, for appellants.[1]

*Mr. Edwin H. Park* for appellee.

MR. JUSTICE CLARKE delivered the opinion of the court.

The appellants, defendants below, are citizens and officers of the State of Colorado, charged with official duties with respect to the distribution of water from streams of that State for irrigating purposes, and other citizens of Colorado, who need not be further noticed.

The appellee, plaintiff below, a corporation organized under Nebraska laws, is the owner of an irrigating canal by which it has diverted water from the North Fork of the Republican River, an interstate stream, at a point about six miles west of the east line of Colorado. Since 1890 one-third of the water thus obtained has been sold and used on lands in Colorado and the remaining two-thirds carried by the canal into Nebraska has been used on lands in that State.

This suit was commenced in 1913, in the District Court of the United States for the District of Colorado. The bill of complaint is not printed in full in the record, but the epitome of it shows that, in addition to diversity of citizenship as a basis of jurisdiction, it was averred that the right of appellee, under the Constitution of the United States, to engage in commerce between the States of Colorado and Nebraska by transporting water from the former into the latter and there selling it for agricultural and domestic purposes was being seriously impaired by the unconstitutional conduct of the state officials of Colorado

---

[1] At the former hearing the case was argued by *Mr. Carpenter* on behalf of the appellants.

in permitting, under color of the laws of that State, the wasteful use of the water by appropriators prior in right, and the use by others subsequent in right, to a valid appropriation by the appellee. There was also a general allegation that rights of appellee secured to it by the Constitution and laws of the United States had been invaded by the action of the appellant officials. A decree permanently enjoining this alleged unconstitutional action by the state officers was prayed for.

In its decree the District Court found that there existed the requisite diversity of citizenship to give the court jurisdiction and also that the " suit was brought to obtain redress for the deprivation by defendants [appellants] of rights and privileges secured to the complainant [appellee] by the Constitution and laws of the United States " and that therefore it was a suit arising under the laws of the United States. The court found that the carrying capacity of appellee's ditch at the Nebraska state line was 29 cubic feet of water per second, that since the date of the construction of the ditch in 1890 that amount of water had been put to beneficial use in the irrigation of lands within the State of Nebraska, and that by reason of such continued beneficial use there had become vested in the appellee a property right to the continued use thereof. The Colorado officials, and their successors in office were enjoined, " from interfering with the right of complainant [appellee] to said water as herein adjudged, and . . . from treating the complainant in the distribution of water . . . otherwise than it would be treated if said canal were wholly within the State of Colorado, and all lands irrigated therefrom were in said last named State."

The court declined to consider the question of the wasteful or other use of the water by other appropriators in Colorado and confining its decree to the one point dealt with in the injunction, expressly left open for considera-

tion and determination in another proceeding all other issues joined under the pleadings.

The Circuit Court of Appeals affirmed the decree of the District Court and on the contention that a constitutional question is involved the case is brought here for review.

The appellee filed a motion in this court to dismiss or affirm, which was passed to hearing on the merits.

In support of the motion to dismiss it is argued that although jurisdiction was invoked in the bill on sufficiently alleged federal grounds, in addition to diversity of citizenship, nevertheless both the District Court and the Circuit Court of Appeals sustained appellee's use and disposition of the water in Nebraska as one merely of prescriptive right, derived from twenty years of undisputed use and not upon any federal constitutional ground, and that therefore the jurisdiction exercised rested wholly upon diversity of citizenship and an appeal does not lie from the decision of the Circuit Court of Appeals under § 128 of the Judicial Code.

The ground of federal jurisdiction, other than diversity of citizenship, being sufficiently set up in the bill, such a motion to dismiss can prevail only if the claim is so unsubstantial as to be frivolous. *Shulthis* v. *McDougal*, 225 U. S. 561; *Lovell* v. *Newman & Son*, 227 U. S. 412, 420. But such clearly was not the fact in this case.

It is entirely clear that the essential and substantial issue in the case arose from the assertion by the appellee of the federal constitutional right to transport water, derived from an interstate stream, from Colorado into Nebraska under its priority of appropriation as of 1890, and the denial of this claim by the appellant state officers, based upon the contention that water in natural interstate streams in Colorado, having been declared by the constitution and laws of that State to be the property of the public, dedicated to the use of the people of Colorado, the right could not be obtained by appropriation and beneficial

use, to carry such water into an adjoining State for like use, as against persons desiring to use it in Colorado, even though junior in point of date of appropriation. Both lower courts denied this contention of the state officials, appellants, and enjoined them from treating the appellee in the distribution of water otherwise than as if the state line had not existed, and the land irrigated had been wholly within the State of Colorado. It is thus plain that the decree appealed from necessarily rested, not upon Colorado laws or decisions which attempted to deny the asserted right to the use of the water in Nebraska, nor upon Nebraska laws or decisions which could not be effective in Colorado, but upon rights secured to the appellee by the Constitution of the United States. This substantial and very fundamental question being in the case, and essential to the disposition which was made of it, the motion to dismiss must be overruled.

As to the merits of the case. In the discussion of the jurisdictional question it has been sufficiently developed that the essential controversy here involved is whether priority of appropriation of water, from the part of an interstate stream in Colorado, for beneficial use on lands in Nebraska, into which State the stream in a state of nature flows, gives superiority of right over later appropriation also made in Colorado from the same stream, but for use in that State.

Both of the lower courts held that the presence of the state line did not affect the superiority of right and enjoined the Colorado state officials from treating the appellee in the distribution of water otherwise than it would be treated if the canal were wholly within the State of Colorado and all the lands irrigated therefrom were in that State.

The question thus presented is so fully disposed of on principle and authority in the opinion of the court this day announced in No. 3 Original, *Wyoming* v. *Colorado,*

*ante,* 419, that further discussion of it would be superfluous and upon the authority of that decision the decree of the Circuit Court of Appeals is

*Affirmed.*