FINNEY COUNTY WATER USERS' ASS'N v. GRAHAM DITCH CO. et al.

(District Court, D. Colorado. August 16, 1924.)

No. 6633.

1. **Waters and water courses** ☞213—Laws of state as to water rights cannot be given extraterritorial force.

Laws of state through which stream flows, respecting water rights, cannot limit or affect rights of citizens of another .state, through which stream flows in its downward course, in its waters.

2. **Courts** ☞287—Respective rights in interstate stream of citizens of different states held determinable in suit between citizens, though states had different laws on subject.

Suit by citizen of one state in federal court to protect his right to use of waters of interstate stream, in accordance with laws of the state, from unlawful interference by citizens of another state, being one to redress violation of rights secured to complainant by Constitution and laws of the United States, jurisdiction of such court cannot be defeated on theory that, because laws of the two states respecting water rights are different, complainant must wait for redress until his state has sued other state to determine próper division of water.

In Equity. Suit by the Finney County Water Users' Association against the Graham Ditch Company and others. On motion to dismiss bill. Denied.

F. Dumont Smith, of Hutchinson, Kan., for plaintiff.

Henry A. Dubbs and Platt Rogers, both of Denver, Colo., for defendants.

SYMES, District Judge. The motion to dismiss the bill was argued over a year ago, but the last brief was not in the hands of the court until April 15, 1924. At this preliminary stage of the case it is only necessary to state informally a few conclusions of law that I believe apply. Briefly, the material allegations of the bill, that for the purposes of this motion stand admitted, are:

That the Arkansas river is an interstate stream, rising in Colorado and flowing generally southeasterly through Kansas and other states. The bill alleges that the Farmers' ditch was constructed in 1880–1881, with its headgate on said river in the state of Kansas. At that time a diversion of water from the river was made. That many

thousands of acres of land in Kansas have been irrigated, reclaimed, and made valuable by reason of said diversion. That by successive mesne conveyances the complainant has become the owner of said ditch, and of a property right to divert into its ditch a certain amount of water of the river, pursuant to the laws of Kansas. That at that time there was sufficient water in the river for that purpose. That, shortly after the completion of the ditch the defendants, all residents or citizens of Colorado, began to divert the waters of the river into ditches within the state of Colorado under priorities decreed in proceedings in the state court in Colorado, to which the complainant was not a party. That the amount of these diversions increased each successive year up to the date of this action. For six years last past none of the normal flow of the river during the irrigation season has come down into Kansas, and the complainant's ditch has been gradually, and is now, wholly deprived of the normal flow of the river. It is further alleged that the water used by the defendants is in excess of their requirements, is wasted, and that the ditches are so constructed that none of the water is returned to the river. Injunctive relief is prayed for.

[1] First. I find that Kansas and Colorado do not have the same system of water rights. In Kansas the common-law rule of riparian rights, coupled with a limited right of appropriation of water for irrigation, is in force; while in Colorado the exclusive doctrine of prior appropriation for beneficial use is the law. The Supreme Court has said that neither state can impose its policy upon the other, and, when the action of one state reaches through the agency of natural laws into the territory of another state, the question of the extent and limitations of the rights of the two states may be inquired into. Kansas v. Colorado, 206 U. S. 46, 27 Sup. Ct. 655, 51 L. Ed. 956.

[2] Second. The defendants contend that, where two states have the same doctrine of appropriation—for instance, Wyoming and Colorado—a citizen of one state may bring an action in a lower federal court to compel citizens or officials of the other state to respect his prior appropriation of water, or rights thereto on an interstate stream, irrespective of state lines; but if the two states —for instance, Colorado and Kansas—had different rules in respect to the diversion and use of water, then an individual in Kansas, such as the complainant here, cannot litigate in this court his rights to water from an interstate stream, but must wait until his state in its sovereign capacity is pleased to bring a suit against the offending state to determine the proper division of water between them. I do not find this to be the law.

Weiland v. Pioneer Irrigation Co., 259 U. S. 498, 42 Sup. Ct. 568, 66 L. Ed. 1027, is a case similar on the facts to the instant one, and the same contention was advanced on behalf of Weiland, a public official of Colorado. He and other defendants moved to dismiss in the District Court for Colorado, because the states of Nebraska and Colorado were indispensable parties. In the defendant's brief it was strongly urged that the matter was only justiciable in the Supreme Court of the United States. Both Judge Lewis and the Circuit Court of Appeals for this circuit held that it was not an action against the state, and that the federal courts had jurisdiction to enjoin an officer of a state in a proper case, and also found that the action was one to obtain redress for injuries to rights and privileges secured to the complainant by the Constitution and laws of the United States.

The Supreme Court, in affirming the lower courts, specifically affirmed that part of the decree of the District Court in which it was held that the suit was one to redress a violation of rights secured to the complainant by the Constitution and laws of the United States. The case was decided upon the principles announced in Wyoming v. Colorado, 259 U. S. 419, 42 Sup. Ct. 552, 66 L. Ed. 999, decided at the same time. That case was between two states having an identical system of laws in respect to the use of water from flowing streams, yet the Supreme Court cites it as authority in the Weiland Case, supra, which involved a controversy between water users in Nebraska and Colorado, two states which do not have the same rule of law in respect to water rights. See Crawford Co. v. Hathaway, 67 Neb. 325, 93 N. W. 781, 60 L. R. A. 889, 108 Am. St. Rep. 647. It would therefore seem to follow that Wyoming v. Colorado, supra, which practically abolishes state lines as a fact to be considered in this class of cases, is one of general, and not limited, application.

If, as the Supreme Court said in the Weiland Case, supra, the decree appealed from rested, not upon the laws of Colorado or Nebraska, but upon rights secured to the appellee by the Constitution of the United

States, how can the question of jurisdiction be affected by any variation in the laws of the particular states involved? Further, defendants' contention would mean the complainant might go remediless, because he cannot compel his state in its sovereign capacity to bring an action against a sister state.

Bean v. Morris, 221 U. S. 485, 31 Sup. Ct. 703, 55 L. Ed. 821; Wyoming v. Colorado, supra, and other decisions, reject the proposition that waters in one state belong exclusively to its citizens, and that their right to divert them within the state cannot be taken away by prior appropriation of waters on the same stream by a citizen in a lower state. In Bean v. Morris, supra, Mr. Justice Holmes said it was unnecessary to consider what limits there may be upon the power of an upper state, if it should seek to do all that it could in respect to the diversion of water of an interstate stream, but that the grounds upon which said limits would stand were set forth in Rickey Land & Cattle Co. v. Miller & Lux, 218 U. S. 258, 31 Sup. Ct. 11, 54 L. Ed. 1032.

That suit involved conflicting water rights between individuals of different states on an interstate stream. It was not found that the two states, to wit, California and Nevada, had the same rules of law in respect to water rights. The federal court for Nevada had acquired jurisdiction, at the instance of one of the litigants, before a similar suit brought by the other in the state court for California, and had granted an injunction against the other suit. It was contended in the Supreme Court that, as there were two parcels of land involved, in different states and subject to different systems of law, the courts of one state should not be interfered with directly by a foreign court that has no power to control the res, and that, while it was true the Supreme Court may determine that the states have rights as against each other in streams that flow through both, citing Kansas v. Colorado, that, if a private owner should derive advantage from such a decision, it would not be in his own right, but by reason of, and subordinate to, the rights of his state, and that those rights should be determined only in a suit brought by the state itself. Mr. Justice Holmes, who wrote the opinion, rejects these contentions, and says the rights of the parties involve a relation between parcels of land that cannot be brought within the same jurisdiction, but there was, nevertheless, concurrent jurisdiction in both courts, and the one first taking jurisdiction should proceed to a decision without interference, and determine the rights of parties outside the state, as well as those in it.

Third. In further support of the motion it is urged that the 20-year statute of limitations governs and has run against the complainant. Kansas v. Colorado, supra, decided that Colorado could not appropriate the entire flow of the Arkansas river; that Kansas was not entitled to have the entire flow of the river cross the state line into Kansas, but must submit to some diminution in the flow of the stream, and to any resulting damage due to a useful and beneficial application of an equitable share of the river water to lands within Colorado; that the amount of damage shown at that time did not entitle Kansas to a decree, but, if the amount of diversion in Colorado continued to increase, that there might come a time when there would no longer be an equitable division of benefits between the two states, and at such time the question could be raised again without prejudice, and relief granted against Colorado, its corporations and citizens. This complainant, therefore, along with other water users in Kansas, must submit to some loss of water occasioned by diversions made in Colorado.

But the bill here specifically alleges that the depletion of the river by the defendants in Colorado has continually increased from year to year until they now appropriate the entire normal flow. This they cannot do. It would therefore seem that when the defendants and others in Colorado, in increasing their diversions, took an amount of water that exceeded the equitable division referred to in Kansas v. Colorado, complainant's cause of action arose. If this is true, it follows that the question of the 20-year statute of limitations, or of laches, cannot be determined at this stage of the litigation.

In view of these conclusions, it is not necessary to say anything now in respect to the allegation of waste and diversion of water in excess of their priorities by the defendants. As a general principle, equity abhors waste, and delights to restrain it in a proper case. In the Western states the waters of these streams are so scarce, and the possible beneficial uses thereof so great, that I believe such allegations will, as time goes on, be more and more strictly construed against those shown to be guilty thereof.

The motion to dismiss is denied.